DRAIN, *Appellant*, v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY.

1. **Contributory Negligence**: DEMURRER TO EVIDENCE. The evidence of the plaintiff in this case, which was an action for injuries received from defendant's train, in attempting to cross a street in the city of St. Louis, *held*, not to warrant a demurrer to the evidence for defendant, on the ground that it showed that plaintiff had failed to look or listen before attempting to cross the track.

2. ———: ———. Where the evidence of plaintiff, relied on to show that he was guilty of contributory negligence, is vague, ambiguous, and uncertain, and does not clearly, or conclusively show such negligence on his part, the case should not be taken from the jury.

3. **Personal Injuries**: DAMAGES. A verdict for $6,500 for personal injuries, held not excessive in this case.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

The following were the instructions given for the plaintiff:

"1. The court instructs the jury that, although they believe from the evidence that plaintiff was guilty of some negligence, or imprudence, which contributed remotely to the injuries complained of, yet if the defendant, its agents, or employes, were guilty of misconduct, or carelessness, in the management of the defendant's car, which misconduct, or carelessness, was the immediate cause' of the injuries in question, and with the exercise of ordinary care and prudence, on the part of said agents and employes, the injuries in question might have been avoided, then the jury will find for plaintiff."

"2. If the jury believe from the evidence that the injuries complained of by plaintiff were occasioned by

the negligence of any agent, servant, or employe of defendant, whilst running, conducting and managing any locomotive, car, or train of cars in the city of St. Louis, then the jury should find for plaintiff, and assess his damages at such sum as may recompense him for the injuries proven to have been received by him, not exceeding the sum of twelve thousand dollars, provided that plaintiff was himself without fault, or negligence, directly contributing to the injury."

"3. The jury are instructed that it is the duty of defendant, when backing any freight car or locomotive propelled by steam power within the limits of the city of St. Louis, to have a man stationed on top of the car at the end furthest from the engine, to give danger signals."

"4. If the jury find for plaintiff, they will, in estimating the amount of damages, take into consideration the age and situation of the plaintiff, his bodily suffering and mental anguish resulting from the injury received, and the loss sustained by the bodily injuries received, and the extent to which he was disabled from making a support for himself by reason of such injuries."

"5. The jury are instructed that the right, on the part of the defendant, to run along Main street, in the city of St. Louis, is not an exclusive right, and does not deprive the residents of the city from using the same for the purpose of moving from place to place."

The following is instruction number seven, refused for defendant, and referred to in the opinion of the court:

"7. That if they find from the evidence that Drain was on the track of defendant when he was struck, and that he was guilty of negligence which directly contributed to his injury, in being on said track at that time; and that if they further believe, from the evidence, that

Drain v. The St. Louis, Iron Mountain & Southern Ry. Co.

the men in charge of the locomotive and car, or any one
of them, did not see Drain, or know he was there, or in
danger, until it was impossible to stop the same so as to
avoid injuring him, then the jury should find for the
defendant."

*Finkelnburg & Rassieur* for appellant.

(1) The court of appeals erred in finding that the
trial court should have taken the case from the jury.
The case should have gone to the jury, because (*a*) there
is no evidence of contributory negligence in the case;
(*b*) the evidence quoted by the court does not show any
contributory negligence, unless violence be done to both
the letter and spirit of the answers quoted; (*c*) The
plaintiff, before crossing, looked and listened, and fail-
ing to perceive the danger, owing to the gross negligence
of defendant, looking and listening did no good.
*Fletcher v. Ry. Co.*, 64 Mo. 491; *Kincade v. Ry. Co.*,
45 Mo. 255. (2) The case should have gone to the jury,
because: if the plaintiff had been guilty of contributory
negligence, and defendant's brakeman had been at his
place, he could have prevented the accident after the dis-
covery that plaintiff had put himself in peril. *Kelly v. Ry.*
75 Mo. 140, and authorities cited therein. (3) Instructions
number one and two, given on behalf of plaintiff, cor-
rectly laid down the general rule of negligence, and the
liability of railroads, under the circumstances shown by
the evidence, and have the sanction of this court in sim-
ilar cases. *Whalen v. Ry.*, 60 Mo. 323; *Isabel v. Ry.*,
60 Mo. 475; *Hicks v. Ry.*, 64 Mo. 430; *Burham v. Ry.*,
56 Mo. 338; *Frick v. Ry.*, 75 Mo. 545. (4) When a
railroad company runs cars in violation of law, it is
negligence *per se*, and it is no excuse to show that by
the exercise of extraordinary care and foresight, plaintiff
might have avoided the injury. A person has a right to

rely upon the presumption that railroads will operate their vehicles according to law, and if he uses ordinary care in regulating his conduct consistent with that presumption, he has done all that can be required of him. *Kennayde v. Ry.*, 45 Mo. 255 ; *Karle v. Ry.*, 55 Mo. 476 ; *Ernst v. Ry.*, 35 N. Y. 9 ; *Newson v. N. Y. Ry.*, 29 N. Y. 390. (5) Defendant's refused instructions were properly refused. *Brown v. Ry.*, 50 Mo. 461 ; *Isabel v. Ry.*, 60 Mo. 475. (6) In passing upon a demurrer to the evidence, the court is required to make every inference of fact in favor of the party offering the evidence. *Buesching v. St. L. Gas Light Co.*, 73 Mo. 231 ; *Wilson v. Board of Ed.*, 63 Mo. 137.

*Bennett Pike* for respondent.

(1) The plaintiff was not entitled to recover. It was his duty, when about to cross the railroad track, to have looked and listened for an approaching train. *Yorton v. Ry.*, 45 N. Y. 662 ; *Fletcher v. Ry.*, 64 Mo. 484 ; *Morris, etc., v. Haslon*, 4 Vroom, 149 ; *Runyon v. Central Ry.*,1 Dutch. 357 ; *Chicago & Rock Island Ry. v. Still*, 19 Ill. 508 ; *Chicago & Alton Ry. v. Gutzner*, 48 Ill. 74 ; *North Pa. Ry. v. Heilman*, 49 Pa. 62 ; *The Bellefontaine Ry. v. Hunter*, 33 Ind. 336. (2) A failure to ring the bell, or to comply with the requirements of the ordinance read in evidence, does not raise the presumption that they were the cause of the injury. If the plaintiff, without signals, might, with care, have seen the moving car, or known it was approaching, he cannot recover. *Galena & Chicago Union Ry. v. Loomis*, 13 Ill. 548 ; *Chicago & Miss. Ry. v. Patchin*, 16 Ill. 198 ; *Galena & Chicago Union Ry. v. ———*, 22 Ill. 264 ; *Butterfield v. Ry.*, 10 Allen, 532 ; *Leduke v. St. L., I. M. & S. Ry.*, 4 Mo. App. 488–490 ; *Lenix v. Mo. Pac. Ry.*, 76 Mo. 86 ; *Powell v. Mo. Pac. Ry.*, 76

Mo. 80; *Bell v. Ry.*, 72 Mo. 50; *Wallace v. Ry.*, 74 Mo.
594. (3) The instructions given for plaintiff were erro-
neous. *Price v. Ry.*, 72 Mo. 414; *Zimmerman v. Ry.*,
71 Mo. 491; *Yarnell v. Ry.*, 75 Mo. 583. (4) The sev-
enth instruction asked by defendant should have been
given. For it makes no difference how negligent may
have been the conduct of defendant's employes, in re-
spect to the case in question, if plaintiff's negligence
directly contributed to his injury, he cannot recover,
unless the said employes discovered the negligence of
plaintiff, in time to prevent the injury, by the use of
ordinary care. Cooley on Torts, 674; *Burham v. St.
L. & I. M. Ry.*, 56 Mo. 338; *Balt. & Ohio Ry. v. State*,
33 Md. 542–554. (5) The verdict was so grossly exces-
sive as to imply misapprehension, on the part of the
jury, as to the lawful object of damages in such a case.
*Sawyer et al. v. H. & St. J. Ry.*, 37 Mo. 265; *Clapp v.
Hudson River Ry.*, 19 Barb. 462; *Collins v. Alb. &
Schenec. Ry.*, 12 Barb. 492; *Sweeney v. Old Col. & N. P.
Ry.*, 12 Allen, 368.

RAY, J.—This is a suit by plaintiff for negligence
by defendant's servants in causing a freight car to be
detached and "kicked or shunted" by a locomotive
along its track, across and along Main street, in the city
of St. Louis, at a greater rate of speed than six miles an
hour, and without any person on said car in control of
the same, and without any light being placed thereon, or
any bell being run, or any signal given of its approach,
in violation of an ordinance of said city, requiring, in
such case, the ringing of a bell, the placing of a brake-
man on the end of the car furthest from the engine,
to give danger signals, and restricting the speed of trains
within the limits of the city to a velocity not greater
than six miles an hour; that in consequence of such
negligent and careless conduct of said servants and em-

ployes, in permitting, or causing said car to run as aforesaid, plaintiff was knocked down in attempting to cross the track of said railroad, and was permanently injured in his leg, arm and head, etc. Defendant denied the negligence charged, and set up contributory negligence on the part of plaintiff. There was a denial of the contributory negligence.

Upon the trial of the cause in the circuit court, plaintiff had a verdict and judgment in his favor for $6,500, from which the defendant appealed to the court of appeals, where the judgment was reversed, and cause remanded. From this judgment of the court of appeals the plaintiff has appealed to this court. The general features of the case, and the peculiar circumstances under which plaintiff was injured, are, perhaps, sufficiently set out in the opinion of that court (see 10 Mo. App. 531), and we need not re-state them. We adopt and approve the views expressed by the court of appeals, as to the negligence of the defendant upon this occasion. We think nothing need be added in this behalf. That court then says : " The only question in the case is whether the plaintiff was guilty of contributory negligence and whether this was shown with such conclusiveness as required the court to take the case from the jury." The court of appeals was of opinion that the plaintiff's contributory negligence was thus conclusively shown, and that the trial court erred in failing to give the instruction in the nature of a demurrer to the evidence, and for this reason alone reversed the judgment, and remanded the cause. The court, in its opinion, says that " it appears from the testimony of the plaintiff himself, that he did not look or listen for approaching cars before attempting to cross the track." The evidence of the plaintiff in this behalf is then set out, substantially, in the opinion, and so far as his evidence in chief is concerned, there is manifestly, we think, nothing affirmatively showing any omission on his part to exercise the

usual and proper care ordinarily used and employed by ordinarily prudent persons under similar circumstances. He comes out of the mill to go home, and seeing an engine or train coming down, he stood still until it went past, and after that he says he neither saw nor heard anything indicating an approach of any car or train.

The foregoing statements, above quoted from the court of appeals, are based, we presume, however, upon the questions and answers of plaintiff in his cross-examination. He was asked the following: "You didn't stop to look for anything further, thinking that was the only train?" It would, we think, be difficult, and especially so for the unlettered mind, to answer a double complex question like this one in a perfectly satisfactory manner. There were, in fact, two inquiries of different forms of statement contained therein, to be answered by the witness. Stated directly and logically, these interrogations would be, "You thought that was the only train," and "You did not stop to look any further." Now, to these several inquiries, coupled together, in inverse order, the witness returned the answer, "yes, sir, that was the only train I saw." The question, then, is, what is the true meaning of this answer. The court of appeals seems to construe it to mean that the witness did not stop to look; but the said answer is, we think, to be interpreted: "Yes, sir (that is, I did not stop to look, or did look), and that was the only train I saw;" or, as an answer only to the last part of the question as asked, and to mean, "yes, sir (I did think it was the only train); it was the only one I saw." The question was repeated to the witness as follows: "You didn't stop to look for any more, supposing that was the only one to pass?" And the witness answered by one word, "Certainly." Certainly what? That he did not stop to look? If so, even this does not say, or show, necessarily, that he did not look, for he may have been intending to say he did not stop, but not intending to

say also he did not look.   But is there any more reason to say that the witness, when he thus answered "certainly," meant to say certainly, that is, I did not stop, than certainly I did stop.   Or, again, is it not probable that the attention of the witness was directed to that part of the question last uttered, and that the answer meant "certainly, I supposed that was the only one to pass."   It is a common habit, as we well know, to ignore the earlier parts of complex questions of this character, and to answer only the latter parts, to which the attention is last directed.   The answers of the plaintiff do not, we think, clearly and conclusively show that he did not look or listen before going upon the track, and if the evidence was, in this respect, vague, uncertain, and ambiguous, the trial court could not properly determine the same, as a matter of law, and was authorized to allow the same to go to the jury for its determination.

Nor are we satisfied that the evidence in the cause was such as to show conclusively that the place where plaintiff was struck, and the space through which the car was running, just prior thereto, was lighted in any such manner as to enable the plaintiff, by looking, to see the car in time to escape and avoid the injury.   It is conceded there was no light on the car itself, and it is further conceded that it was after dark when the accident happened. What light, if any, may have have been afforded by the street lamps, is wholly a matter of conjecture.   From the plat in evidence, and the testimony in the case, it is by no means clear that there was any light at these points, except that which came from the open door of the wire mill.   It is true, that three of plaintiff's witnesses saw the car that ran over Drain, and testify as to its speed, and two of them also testified that there was no man in the car, which fact is conceded.   But they all saw it either as it was crossing Chouteau avenue, or was entering, or about to enter, the freight house, which was lighted up.   They all occupied different positions at the

time from Drain, and none of them saw the car before it emerged from the darkness, on Drain's left, or before it struck him. The various facts and circumstances of this character, commented on by the court of appeals, undoubtedly had an important bearing upon the question, but the evidence was not clear, definite and certain, upon this issue of contributory negligence, and in a case of this sort it should be such before the court takes the same from the jury, and directs the finding as a matter of law.

Upon the theory of the case adopted by the court of appeals, as to the duty of the trial court to give the demurrer to the evidence, it was, as stated, unnecessary, of course, to consider the propriety of other instructions in the case. Our view of that question being different, it becomes necessary for us to consider the objections urged by the defendant as to the action of the trial court in that behalf. The instructions given for the plaintiff were five in number. No objections are urged, or specified, as to instructions numbered three or four, and the objection to the fifth, that it is erroneous and misleading, is, we think, not well taken. Instructions numbered one and two, are, perhaps, inaccurate and erroneous, and but for the state of facts to be mentioned directly, should work a reversal of the case. As applied to the facts in the cases cited by the respondent, they were held subject to similar criticisms made by counsel in this case, and were condemned by this court. In this case, to quote the language of the court of appeals, "leaving out of view the city ordinance, which was introduced in evidence (and we may add was also pleaded), the evidence shows a very clear case of negligence on the part of the defendant's servants. A compliance with the ordinance would have required that a man should be stationed on top of the car to give danger signals, and the evidence leaves no doubt that if such a man had been at his post, and discharging his duty, the accident

would not have happened. * * * Indeed, it is not claimed, on the part of defendant, that a case of negligence is not made out against it." If all this is so, as we think it is, then we think the imperfections and inaccuracies in said instructions are, as applied to this state of facts, wholly unimportant and immaterial, and could not have been to the defendant's prejudice. Under the circumstances and state of the evidence in this case, we see no error in the court's action in refusing defendant's instruction numbered seven.

As to the objections urged in this court, that the damages are excessive, we may say that the amount allowed is not so grossly excessive, at all events, as to call for the interference of this court upon that ground. Six thousand and five hundred dollars, at ten per cent., would yield annually six hundred and fifty dollars, and the current rate of safe investment would probably yield a far less sum. The evidence shows that plaintiff was earning, when disabled, eight or nine hundred dollars annually. In view of his disability, and extent and character of his suffering, we do not regard the damages as excessive. For these reasons the judgment of the court of appeals is reversed, and that of the circuit court affirmed. All concur.