ANNA L. ASHBY, Respondent, v. ELSBERRY AND
   NEW  HOPE  GRAVEL  ROAD  COMPANY,
   Appellant.

St. Louis Court of Appeals, March 3, 1903.

1.  Corporations, Private: GRAVEL ROAD COMPANY, DUTIES OF
    IN  CONSTRUCTING  ROAD:  STATUTORY  CONSTRUCTION.
    Where a road company obtained a franchise from the State under
    the provisions of section 2696, Revised Statutes 1889, which empow-
    ered it to exercise the right of eminent domain and collect tolls on
    the condition that it complied with the provisions, it was bound to
    construct a road not less than twenty feet wide, including side
    drains, along the whole route wherever it was possible to do so.

Ashby v. Gravel Road Co.

2. ———: ———: ———. And under the provisions of section 2696, Revised Statutes 1889, it is the duty of the road company to keep its roadbed in such a condition as will be safe for public use at all times and maintain a safe roadbed not less than twenty feet wide.

3. ———: ———: ———. A private corporation operating a road for toll must keep whatever part of the road it opens for use ·or permits to be used, reasonably safe for travel.

4. ———: NEGLIGENCE: INJURY. Failure to perform a duty enjoined by statute constitutes negligence which affords a right of action to any one injured thereby.

5. ———: ———: ———: PLEADING AND PRACTICE. Plaintiff received a personal injury on a gravel road owned and operated by a corporation organized under article 4, chapter 42, Revised Statutes 1889, while driving a horse on said road, hitched to a spring wagon. The horse plaintiff was driving became frightened by two cows on the road, one of which jostled the horse and caused him to shy, partially capsizing the wagon, which was prevented from overturning by falling against a post. Plaintiff's arm was broken. Plaintiff charged in her petition that the company was negligent in permitting cows to graze along the road and obstruct the free, passage of vehicles thereon, also in not making the roadway of the statutory width at the point where the accident occurred, but constructing it much narrower, with a ·raised track in the center and steep declivities at the sides, so that a wagon driven on one of the banks, or forced there by an emergency, would turn over; Held, if plaintiff, while exercising ordinary care, sustainea damages because of the negligence of the company in not making its roads of the width required by the statute, she was entitled to maintain her action on that ground.

Appeal from Lincoln Circuit Court.—*Hon. Elliott M. Hughes*, Judge.

REVERSED AND REMANDED.

*Dyer & Farish* with *W. A. Dudley* for appellant.

(1) It was the duty of appellant to keep only so much of its road in good condition as was necessary to render it reasonably safe for travel. Bassett v. St. Joseph, 53 Mo. 290; Brown v. Glasgow, 57 Mo. 157; Craig v. Sedalia, 63 Mo. 417; Stephens v. Macon, 83 Mo. 345; Fritz v. Kansas City, 84 Mo. 642; Ellis v. Wabash Ry., 17 Mo. App. 130; Perkins v. Fayette,

63 Maine 152; Bishop Non-Contract Law, secs. 967, 972-5.; Elliott on Roads and Streets (2 Ed.), p. 659, sec. 621. (2) The road was safe enough and in good order, and if it could be claimed that it was negligence not to keep a fence or guard along the embankment which formed the approach to the bridge, the answer is that the failure to do so did not cause the injury; and that but for the intervention of the negligence of the owner of the cow, in turning her out and permitting her to be on defendant's road, the accident would not have occurred. 2 Shear. and Red. Neg. sec. 26; Wharton on Negligence, secs. 134 and 999; Scheffer v. Railroad, 105 U. S. 249; Whittsmith Neg., p. 137; Cooley on Torts, sec. 70; Thompson on Neg., secs. 47 and 44.

*Norton, Avery & Young* for respondent.

(1) "A city is not necessarily required to open or put all its streets in a condition for public travel, or all parts of its streets in such condition, but when it does open and undertake to put a street in condition for such travel, as a whole or part thereof, it must keep such street or such part thereof as it does undertake to open and put in such condition in its entirety, reasonably safe for travel." That rule has often been approved and must now be considered a settled law. Hunter v. Weston, 111 Mo. 184; Meiners v. St. Louis, 130 Mo. 285; Vogelgesang v. St. Louis, 139 Mo. 127; Welch v. St. Louis, 73 Mo. 71. (2) A later case decided by the Court of Appeals is the case of Vogel v. City of West Plains, 73 Mo. App. 588, where the court at page 592, uses this language: "It seems to be well-settled law in this State that where an injury is occasioned partly as the result of a defective street and partly from an accident unconnected with the defect in the street, for which accident neither the city nor injured party is responsible, the party injured, if not guilty of contributory negligence, may recover

damages on account of the injury.'' To the same
effect, without quoting, are the cases of Craig v. the
City of St. Louis, 92 Mo. 482; Vogelgesang v. City
of St. Louis, 139 Mo. 127, and numerous other cases
not necessary to cite.

GOODE, J.—The appellant is a corporation or-
ganized under article 4, chapter 42, of the Revised
Statutes of 1889, and owns and operates a gravel road
running between the towns of Elsberry and New
Hope, in Lincoln county, a distance of five miles.

The respondent received a personal injury on
said road in June, 1900, while driving a horse hitched
to a spring wagon. She was going to her home from
Elsberry in company with her little daughter about six
o'clock in the evening, and the horse she was driving
became frightened by two cows on the road, one of
which jostled the horse and caused him to shy to the
south side of the road, partially capsizing the wagon,
which was prevented from overturning by falling
against a post. Plaintiff's arm was broken besides
other injuries she received, and this action was insti-
tuted to recover damages therefor, respondent charg-
ing in her petition that the appellant company was
negligent in permitting cows to graze along the road
and obstruct the free passage of vehicles thereon;
also in not making the roadway of the statutory width
at the point where the accident occurred, but construct-
ing it much narrower, with a raised track in the center
and steep declivities at the sides, so that a wagon driven
on one of the banks, or forced there by an emergency,
would turn over.

The accident occurred just east of a bridge over a
gully or branch, and the testimony shows the driveway
for some distance east of the bridge was from twelve
to fourteen feet wide and consisted of an embankment
several feet high, unguarded on either side by anything
but wires attached to posts. This construction was

doubtless adopted to raise the roadbed to the level of the bridge, which the testimony shows was about sixteen feet in width.

It appears the entire length of the road had been fenced by the owners of abutting farm lands except where cross roads intersected. Cattle occasionally strayed on the pike from the intersecting roads, were tolerated there and allowed to graze along the borders of the pike, particularly cattle belonging to a farmer of the name of Sadawhite, to whom the cows belonged which frightened respondent's horse.

As stated, the contention of the respondent is, and so she charges in her petition, that permitting cattle to run along the road was a negligent act which obstructed travel and rendered it dangerous. Further, that the statutes required the roadbed to be twenty feet in width, whereas it was much less than that where the respondent was hurt; that her injuries were due to the narrowness of the roadbed and the steepness of its sides; or, at least, that those circumstances directly contributed to cause her injury.

Appellant contends respondent was guilty of contributory negligence in having an umbrella hoisted to shelter her from a falling shower which prevented her from seeing ahead and properly handling her horse; also that the appellant was not bound to keep a graveled roadbed twenty feet wide, but only one of sufficient width to accommodate ordinary travel, and that where the respondent was injured the road was sufficiently wide and perfectly safe.

There was contradictory evidence on the issue of respondent's contributory negligence, as there was likewise testimony to prove the construction of the roadway where she was hurt was unsafe on account of its narrowness and sloping sides. One witness, at least, testified two wagons could not pass there.

The errors assigned relate to the instructions given and refused. Several instructions were given at the

instance of appellant, the purport of which was that the respondent was bound to exercise ordinary care and reasonable prudence in driving along the road and that she could not recover if her injuries were the result of her own carelessness or her carelessness contributed to cause them, whatever the negligence of appellant may have been. The instructions given concerning appellant's duty in regard to its road charged that appellant was bound to keep it in safe condition for travel over a width of twenty feet, and this view is said to be erroneous.

The statutes under which the appellant incorporated required it to construct a road not less than twenty feet wide, the roadbed to be well rounded, with side drains not less than twenty inches deep and a sufficient number of culverts or under-drains to prevent the passage of streams of water over the road. R. S. 1889, sec. 2696. The appellant company obtained a franchise from the State which empowered it to exercise the right of eminent domain and collect tolls on the condition that it complied with those provisions of the statutes. It was bound to construct a road not less than twenty feet wide, including side drains, along the whole route, wherever it was possible to do so. We do not say the statute required the road to be so uniformly of the width of twenty feet that the topography of the ground traversed might not sometimes excuse a less width; but we find nothing in the evidence before us to show it was indispensable to have the road narrower than twenty feet at the particular point where respondent was hurt. Nor was the theory propounded in the appellant's instructions that it was forced to build the road narrower there; but, to the contrary, its theory was that whatever the character of the ground, it was not bound to make a safe roadbed twenty feet wide, but only one wide enough for use; an inadmissible defense, we think.

Much is said in appellant's brief about an alleged

error of the trial court in holding it was incumbent on the company to keep the road covered with gravel for the width of twenty feet; but it is sufficient to say in response to that argument that no such ruling was made or instruction given. The jury were simply told, as above stated, that it was the duty of appellant to keep its roadbed in such a condition as would be safe for public use at all times and maintain a safe roadbed not less than twenty feet wide. That is what the statutes require, barring the space which may be needed for side drains, which is not important in the present case. We can not see what force the statutory provision that a graded road shall not be less than twenty feet wide has, unless it means the road shall be fit for travel over that width. It does not mean, of course, nor does any one contend it means, the road must be covered with gravel over its entire surface. The track, which we apprehend may be less than twenty feet in width and still the law be complied with, is required to be made of macadam or gravel. But this by no means implies that no attention need be given to making that part of the twenty feet not graveled safe and usable. The entire width must be safe, whether macadamized or not, is the view we take of the law.

Whatever may have been the rule at one time in this State in regard to the duty incumbent on a municipality, or on a private corporation operating a road for toll, to keep in safe repair only such parts of a street or road as the public can conveniently get along with, the law now is that it must keep whatever part it opens for use or permits to be used, reasonably safe. Walker v. St. Louis, 49 Mo. 647; Roe v. Kansas City, 100 Mo. 190; Kossman v. St. Louis, 153 Mo. 293. The appellant company invited travel and collected toll throughout its road's entire length, and was bound to keep it in good condition throughout. The instructions given by the court on that point are satisfactory; while those asked by the appellant and refused left

out of view the statutory obligation to make the road not less than twenty feet in width.

Failure to perform a duty enjoined by statute constitutes negligence which affords a right of action to any one injured thereby. Drain v. Railroad, 86 Mo. 574; McNown v. Railroad, 55 Mo. App. (K. C.) 585; Handlan v. Railroad, 104 Mo. 381; Gratiot v. Railroad, 116 Mo. 450; Karle v. Railroad, 55 Mo. 476; Easley v. Railroad, 113 Mo. 236; Brannock v. Elmore, 114 Mo. 55. If the respondent, while herself exercising ordinary care, sustained damage because of the negligence of the appellant company in not making its road of the requisite width, she was entitled to maintain her action on that ground and it could not properly be withdrawn from the consideration of the jury, as the requested instructions sought to do.

It was necessary for her, however, to adduce testimony tending to show the defective condition of the road was a proximate cause of her injuries—to connect the accident with the appellant's non-performance of duty. Karle v. Railroad, supra; Kelly v. Railroad, 75 Mo. 138; Holden v. Railroad, 62 Mo. 562. That such testimony was adduced can not be doubted after reading the record; for there was, as stated, evidence to show not only that the road was narrow, but that its sides were steep where plaintiff was hurt; and the inference might well be drawn that if it had been safely guarded or of the proper width, she would have escaped the partial overthrow of her vehicle and the consequent injuries to her person.

Another point raised by the appellant is that the accident was not due to the condition of the road but to the encounter with the cows. No doubt the collision of one of the cows with the horse was a cause of the casualty, but, as we have said, there was testimony to warrant the inference that it would not have resulted seriously but for the state of the road at that place. We agree with appellant that the presence of the cows

on the road raised no inference of negligence against it; but we do not concede the law in this State to be what it was declared to be in some cases cited by the appellant, to-wit, that if an accident occurs on a highway, partly on account of the bad repair of the road and partly on account of some other circumstance, such as the fright of a team, the injured party has no case for damages against the corporation or municipality whose duty it was it keep the road in repair. The law of Missouri, as laid down in several cases not materially different from this one, is that if the bad repair of the street or highway proximately contributed to produce the injury, the party charged with keeping the street or highway in repair is responsible, although there was another contributory cause. Bassett v. St. Joseph, 53 Mo. 290; Brennan v. St. Louis, 92 Mo. 482; Hull v. Kansas City, 54 Mo. 598; Vogelgesang v. St. Louis, 139 Mo. 127; Lorer v. Mfg. Co., 106 Mo. 608; Vogel v. West Plains, 73 Mo. App. (St. L.) 588. In some of these decisions the cases relied on by the appellant were examined and their doctrine rejected.

Another point made for reversal is that the respondent knew the condition of the road, and if it was dangerous she was guilty of negligence in traveling over it, which precludes her recovery. The road was the way to her home and she had the right to take it unless it was so dangerous that a person of common prudence would have declined the risk; which no one will assert, refuted as it is by all the testimony. We suppose this point is not seriously made. Loewer v. Sedalia, 77 Mo. 431; Graney v. St. Louis, 141 Mo. 180.

The first instruction given at the instance of respondent predicated as negligence on the part of the company which would authorize a recovery, the toleration of cows on the road, along with its alleged negligence in not maintaining the road in proper condition. As said, there is nothing in this case to show it amounted to negligence to let cows stray on the road

from cross roads to the extent they did. In fact we do not see how they could be kept off. Said instruction should not have been given, as it was likely to mislead the jury and induce them to think the appellant was answerable in damages to the respondent if her injuries were caused by the cows, even if the jury found from the evidence the road was all right and had nothing to do with causing the accident. On account of said instruction the judgment must be reversed and the cause remanded to be retried. It is so ordered. *Bland, P. J.,* and *Reyburn, J.,* concur.