## BRENNAN V. CITY OF ST. LOUIS, *Appellant.*

1. **Municipality:** DEFECTIVE STREET. A city is liable for an injury caused by a defective street, although some accidental cause contributed to the accident.

2. ——— : ———. Where the accidental cause is the sole occasion of the accident, there can be no recovery.

3. ——— : STREETS, DUTY AS TO. While much discretion lies with a city government as to the manner of making its streets, and the material to be used therefor, yet, when one is opened for public use, it is the duty of the city to keep the same in a condition reasonably safe for persons traveling thereon with ordinary care and prudence.

4. **Question for Jury.** Whether a street was in such condition is a question for the jury.

5. **Practice:** OBJECTIONS TO EVIDENCE. Mere formal objections to evidence, specifying no reasons for the same, are insufficient, and will not entitle the person making them to assign special reasons for its exclusion on the hearing in the Supreme Court.

6. **Municipality:** DEFECTIVE STREET: EVIDENCE. It is admissible to show that the city, after an accident resulting from its defective street, repaired the same, such evidence being competent for the purpose of showing that the defect was one which the city was bound to repair.

7. **Practice:** EVIDENCE. Where evidence offered by a party is admissible for a special purpose, it is for the other side to limit its application.

8. ——— : REMARKS OF COUNSEL, OBJECTIONS TO. Where objection is made to remarks of counsel in the argument to the jury, the real grounds of the same must be called to the attention of the trial court, or they will be disregarded in the appellate court.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Leverett Bell* for appellant.

(1) The plaintiff should have been non-suited. From the testimony given by the only witness who saw the accident, it is clear that the condition of the street was not the cause of the injury. The plaintiff, an infant of three years of age, was thrown down by a companion, who ran, or fell, against her. Both children fell to the ground, the plaintiff being underneath, and receiving injury. The condition of the street did not contribute to produce the injury. The injury would have been sustained, under the circumstances of this case, if a pavement absolutely perfect had existed on the street. No amount of care on the part of the city government, no pavement that was ever devised, can prevent a child three years of age from sustaining injury on being thrown to the ground. The injury is such as would undoubtedly have been sustained in the house on an even floor, if the collision between the children had happened there, instead of on the street. In other words, the condition of the street did not produce, nor tend to produce, the injury to the child. (2) The circuit court erred in permitting the plaintiff's counsel, in his closing argument to the jury, to maintain that the testimony showing that the city had repaired the place where the accident happened, after it occurred, was to be construed by the jury as establishing that said place needed to be repaired; and the court also erred in admitting said testimony in the first instance. (3) The circuit court erred in refusing the defendant's instruction numbered three. Section 9, of article 16, of the charter of St. Louis (2 R. S., p. 1,626) required that Sadie Mullen, the person who was the direct and primary cause of the injury, should be a co-defendant with the city herein. It was given in evidence that she was alive, and was a resident of St. Louis, and that process

could have been served on her. The failure to join her as a co-defendant with the city was a fatal error. (4) The court erred in refusing to give defendant's instruction numbered two. The defendant is not liable for failure to keep in repair an unimproved street, one existing in a state of nature, as was shown by the testimony to be the condition of the street where the plaintiff was injured. *Bassett v. St. Joseph*, 53 Mo. 303.

*O. G. Hess* for respondent.

(1) There was no error in the admission of evidence tending to prove that the defect complained of was repaired by the city after the accident occurred. There was no pretense that it was offered for the purpose of proving negligence on the part of the city, but it was offered solely for the purpose of showing that the defect in the street was one which the city recognized as being one which it was bound to repair, and also to show acceptance of the dedication of the street to the city. *Lafayette v. Weaver*, 92 Ind. 477; *Manderschid v. Dubuque*, 29 Ia. 87; *Sewell v. Cohoes*, 11 Hun, 630; *Folsom v. Underhill*, 36 Vt. 591. (2) There is nothing in defendant's objection to the argument of counsel to the jury. The language used and complained of must be set out in the bill of exceptions, so that the court may see and judge for itself as to the propriety, or impropriety, of its use. *Bradshaw v. State*, 22 N. W. Rep. 363; *McLain v. State*, 24 N. W. Rep. 724-5. (3) The judge who presided at the trial, and heard the argument and the exact language used, and who overruled the motion for a new trial, is better qualified to determine than this court, and, in a case like this, must necessarily be the sole judge. *Loyd v. Railroad*, 53 Mo. 515; *State v. Hamilton*, 55 Mo. 522. (4) The court did not err in refusing defendant's instruction for a non-suit. Where the negligence of the defendant concurs and contributes

to the injury, the defendant is not exempt from liability, on the ground that the immediate cause was through the act of another. *Bassett v. St. Joseph*, 53 Mo. 290 ; *Pruitt v. Railroad*, 62 Mo. 544 ; *Reed v. Railroad*, 60 Mo. 206 ; *Hull v. Kansas City*, 54 Mo. 598. (5) The court did not err in refusing defendant's instruction numbered three. There is not the least evidence that Sadie Mullen was, in any way, guilty of negligence in falling against the plaintiff. (6) The court did not err in overruling defendant's objection to the evidence that the ditch had been repaired after the accident happened, because defendant stated no reason for the objection, and, where no reason is stated, the objection is properly overruled, and cannot be assigned for error. *State v. O'Connor*, 65 Mo. 375 ; *Bank v. Armstrong*, 62 Mo. 69 ; *Russell v. Whitely*, 59 Mo. 196 ; *Buckley v. Knapp*, 48 Mo. 152 ; *School v. Risley*, 40 Mo. 357 ; *Woodburn v. Cogdal*, 39 Mo. 222 ; *Railroad v. Moore*, 37 Mo. 338 ; *Grimm v. Gamache*, 25 Mo. 44.

BLACK, J.—The plaintiff brought this suit, by her next friend, to recover damages for injuries caused by a defective sidewalk, on Second street, in South St. Louis. A change of venue was awarded, from the circuit court of the city, to that of the county, of St. Louis.

The evidence tends to show that the street and sidewalk had been graded, after the fashion of a dirt road, but neither had been paved. The street was traveled by the public, to a large extent, and had been for several years, was lighted with gas lamps, and was built up, on both sides, in the block where the accident happened. The water, in running across the street, near the house in which plaintiff's father resided, cut out a ditch, at the sidewalk, one or two feet deep, and of a like width. The ditch extended across the street. The plaintiff, a child three years old, was with her sister, thirteen years old, who was pushing a baby-carriage, with a baby in it,

and were all on the sidewalk, close to the ditch, when another little girl came up, stumbled against the plaintiff, and both fell into the ditch, and the plaintiff's leg was broken.   There is evidence that the sidewalk and street were in the condition before described, for three or four months before the accident, and that the person in charge of street repairs knew of its condition.   There was also evidence to the effect that the street and sidewalk were in a reasonably safe condition for persons traveling or walking thereon.

1.   The first contention is, that plaintiff should have been non-suited, because, from all the evidence, it appears the condition of the street was not the cause of the accident, but that it was caused by the stumbling of the other girl.   It is true, no amount of care, on the part of the city government, can prevent children, or for that matter, grown people, from stumbling.   All this does not relieve the city from the necessity of keeping the streets in a reasonably safe condition, though the want of care, on the part of the person injured, may prevent a recovery.   Cases are to be found, where it seems to be held, under like circumstances, that, in order to recover, it must be proved that the injury was occasioned solely by the neglect of the defendant, and not the neglect of the defendant, combined with some accidental cause. But this court, in discussing a like question, in *Bassett v. St. Joseph*, 53 Mo. 290, *loc. cit.* 300, said: "It is true, that if it had not been for the attempt of the mule to kick, the injury might not have occurred; and it is equally true, that if there had been no excavation at hand, the kicking of the mule would have been harmless." And, further on, the conclusion is reached, that if the plaintiff was without fault, she would have a right to recover, notwithstanding the cause contributing to the injury was the attempt of the mule to kick plaintiff, and she, in attempting to protect herself, fell or jumped into the excavation.   The same principle, that the plaintiff

may recover, where he is in the exercise of ordinary care and prudence, and the injury is attributable to the defective street, with some accidental cause, was again asserted in *Hull v. Kansas City*, 54 Mo. 598, and must be taken as established law in this state. By the instructions, upon which the case went to the jury, the plaintiff was allowed to recover, though the stumbling of the girl, in some degree, contributed to the injury, but if that was the sole cause, then, the jury were told the plaintiff could not recover. These instructions present the law of the case fairly enough.

2. The second refused instruction, asked by defendant, proceeds upon the theory that, if the street was in a state of nature, and as the ground existed when dedicated, the plaintiff could not recover. In the first place, there was no evidence upon which to base such an instruction, for, while the street had not been paved or macadamized, and sidewalks had not been built, still it appears, from all the evidence, that the street had been improved, by grading out the sidewalk and rounding up the street, in the center. Some of the witnesses do say, the street was in a state of nature, but they state facts also, showing that it had been improved, and that there was an effort made to keep it in repair. Again, while it must be conceded that much discretion lies with the city government, as to how and of what material the streets and sidewalks shall be made, yet, when a street is thrown open to public use, as this one was, it is the duty of the city to keep the same in a condition reasonably safe for persons traveling thereon, with ordinary care and prudence. On this subject, the court, at the request of the defendant, instructed the jury that all that was required of the city was to see that such streets and parts of streets as were required for use should be placed and maintained in a reasonably safe condition for the convenience of travel, and whether a given street was in such a condition was a practical question, to be determined

by the jury, in each case, by the particular circumstances. This instruction is in accord with those given for the plaintiff, and they present correct propositions of law ; the second instruction was properly refused.

3. A general objection was interposed to the evi-·dence of one witness for plaintiff, who stated that the ditch was filled up in the week following that in which the child was hurt. That this was done by the person having charge of street repairs, is clearly shown. Another witness testified to the same facts, to which no objection was made. Such general objections are not sufficient. It has been uniformly held that formal objections, specifying no reasons, are insufficient, and will not entitle the party making them to be heard here on special reasons, for the exclusion of the evidence. *Buckley v. Knapp*, 48 Mo. 152, and cas. cit. ; *Capital Bank v. Armstrong*, 62 Mo. 59. Later in the case, another witness stated in general terms, that he had seen work done on the street, after the occurrence, to which evidence the defendant objected, because immaterial and irrelevant. This evidence was not admissible to show negligence on the part of the city, for that must be made out by proof of the condition of the street, and knowledge thereof by the city, at the time the injury occurred. But it seems such evidence may be received, for the purpose of showing that the defect was one which the city was bound to repair. In *Lafayette v. Weaver*, 92 Ind. 477, such subsequent repairs, it is said, are evidence tending to show an acceptance of the highway as previously dedicated. *Manderschid v. Dubuque*, 29 Iowa, 87 ; *Folsom v. Underhill*, 36 Vt. 591 ; *Sewell v. Cohoes*, 11 Hun [N. Y.] 630. No effort was made, either by making the objection more specific, or by an instruction to confine the evidence to the purpose for which it was properly admissible, and, for that reason, we cannot reverse the judgment, because the evidence was received.

A further ground urged for a reversal of the judg-

ment is, that the attorney for plaintiff pursued an improper line of argument, based upon this evidence of subsequent repairs. The bill of exceptions, without attempting to give the language used, states that counsel argued that this evidence " was to be construed by the jury as establishing, or tending to establish, that said street needed to be repaired at and before the accident." The defendant's counsel then objected to said argument, and claimed that the testimony was admitted against the objection of the defendant, only for the purpose of showing that the city had notice of the condition of the street at the point mentioned, and could not be used for any other purpose. We do not find that the court had been asked to, or did determine for what purpose the evidence was admissible. The evidence, as we have seen, was not competent to show that the city knew of the condition of the street, at the time of the accident, which we understand to be conceded by the objection, for that knowledge was an element of the alleged negligence on the part of the city. The evidence could be used as tending to show that the city had previously accepted the street, as dedicated, that it was a highway which the city was bound to repair. The real point of objection does not appear to have been brought to the attention of the trial court, and for that reason, if for no other, the objection is not well taken.

The judgment is, therefore, affirmed. All concur.