VOGELGESANG v. CITY OF ST. LOUIS, *Appellant*.

Division Two, May 11, 1897.

139  127
73a 593

139  127
153  299

139  127
93a ³ 29

139  127
e169 ²426

139  127
99a ¹186

1. **Damages**: CITIES: LIABILITY. Municipal corporations in Missouri are bound to keep the streets and highways in a proper state of repair, free from obstructions, so that they will be reasonably safe for travel; and if they neglect to do this they will be held liable for all injuries happening by reason of their negligence.

2. ———— : ———— : SOLE CAUSE: ACCIDENT. It is not necessary to a recovery in a suit for damages for personal injuries against a municipality that its neglect to keep its street in repair shall be the sole cause of the injury, but the injured party may recover where he is in the exercise of ordinary care and prudence, and the injury results partly from the defective street and partly from an accident unconnected with the defect in the street, for which accident neither the city nor the plaintiff may be responsible. In the case at bar the accident was the sudden blowing off of steam by a train while plaintiff's wagon and mule team were on a bridge over the engine; the mules slightly scared, partly got beyond control of plaintiff, and ran the wagon in a ten-inch excavation at the edge of the bridge, which the circumstances showed had been negligently permitted by the city; plaintiff was thrown from the wagon and his ankle run over by the wagon and broken. (Following *Bassett v. St. Joseph*, 53 Mo. 290; *Hull v. Kansas City*, 54 Mo. 596; and *Brennan v. St. Louis*, 92 Mo. 482.)

3. **Damages**: NEGLIGENCE: UNCONTROLLABLE ANIMAL. A horse is not to be considered uncontrollable that merely shies or starts or is momentarily not controlled by his driver.

4. **Pleading**: SUBSTANTIAL FACTS: CONSTRUCTION OF PLEADINGS. It is error to allow one clause of the petition to contradict and overturn the whole scope and tenor of all its other allegations.

5. **Practice**: REFUSING INSTRUCTIONS. It is proper to refuse instructions which recite a state of facts not in evidence.

*Appeal from St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*W. C. Marshall* for appellant.

(1)   The circuit court erred in overruling defendant's objection to the introduction of any evidence, and in refusing to give defendant's instruction for a nonsuit at the close of plaintiff's case. It would certainly be a most unreasonable demand to require the corporate authorities of a city not only to provide safe and commodious streets for the ordinary purposes of travel, but to provide thoroughfares of such ample dimensions and such matchless grade, that accidents, even from runaway teams, would be absolute impossibilities. *Brown v. Glasgow*, 57 Mo. 157; *Bassett v. St. Joseph*, 53 Mo. 290; *Titus v. Inhabitants of Northbridge*, 97 Mass. 258; *Craig v. Sedalia*, 63 Mo. 419; *Tritz v. Kansas City*, 84 Mo. 632; *Walker v. Kansas City*, 99 Mo. 652; *Ellis v. Railroad*, 17 Mo. App. 131; *Taubman v. Lexington*, 25 Mo. App. 225. (2) The plaintiff claims that *Brown v. Glasgow* is overruled by *Hull v. Kansas City*, 54 Mo. 601; *Walker v. Kansas City*, 99 Mo. 652; *Brennan v. St. Louis*, 92 Mo. 482. (3)   I respectfully submit that the question in this case turns entirely upon the consideration of whether or not an

accidental, intervening, efficient cause, supplementing a safe condition under ordinary circumstances, will render the defendant liable. *Boyd v. Graham*, 5 Mo. App. 403; *Yocum v. Town of Trenton*, 20 Mo. App. 489; 1 Sherm. & Redf. Neg. [4 Ed.], sec. 57; *Daniel v. Railroad*, L. R. 3 C. 216; *Hayes v. Railroad*, 111 U. S. 228; *Railroad v. Steffing*, 66 Md. 504; *Williams v. Railroad*, L. R. 9 Exch. 157; *Railroad v. Stout*, 17 Wall. 657; *Railroad v. Railroad*, 109 U. S. 478; *Hubbard v. City*, 104 N. Y. 434. (4) The plaintiff can not recover in this case upon the ground that the accident might have occurred from either one of the two causes alleged in the petition. For, aside from the fact that the petition and evidence admit that the condition of the street would not have caused the injury without the condition of the mules becoming .frightened at the train, it would then devolve upon plaintiff to show from which one of the two causes the accident occurred, for as to the one, the defendant would be responsible if the street was out of repair, but as to the other, the city would not be responsible for the mules taking fright at the train, and if the evidence showed that the probabilities were equally strong that the damages were caused by the one as much as by the other, the plaintiff would fail in his case. *Searles v. Railroad*, 101 N. Y. 661; *Priest v. Nichols*, 116 Mass. 401. (5) The circuit court erred in refusing proper instructions asked by defendant. (6) The circuit court erred in rendering judgment for plaintiff under the allegations of the pleadings, and upon the evidence adduced at the trial, and under the law as declared by the court in the instructions given.

*O. J. & R. Lee Mudd* for respondent.

(1) It was defendant's duty to keep the streets reasonably safe for use by the ordinary methods of

travel. *Franke v. City of St. Louis*, 110 Mo. 517; *Roe v. City of Kansas*, 100 Mo. 190; *Brennan v. City of St. Louis*, 92 Mo. 482; *Blake v. City of St. Louis*, 40 Mo. 569. (2) Where two causes combine to produce an injury to a traveler upon a highway, both of which are in their nature proximate—the one being a culpable defect in a highway, and the other some occurrence for which neither party is responsible—the municipality is liable, provided the injury would not have been sustained but for such defect. 2 Shearman & Redfield on Neg., sec. 346, p. 28; 1 *Id.*, sec. 32; 2 Thompson on Neg., sec. 1085; Elliott on Roads and Streets, p. 449–451; *Houfe v. Town of Pownall*, 9 Vermont, 411, *loc. cit.* 418; 2 Dillon on Mun. Corp. [3 Ed.], sec. 1007, p. 1021; *Hull v. Kansas City*, 54 Mo. 598; *Bassett v. St. Joe*, 53 Mo. 290; *Brennan v. St. Louis, supra; McDermott v. Railroad*, 87 Mo. 285, *loc. cit.* 302; Bishop on Non-Contract Law, secs. 420, *et seq.* Municipal corporations are subjuct to this rule. Jones on Neg. of Mun. Corp., sec. 197; *Haney v. Kansas City*, 94 Mo. 334. (3) Cities are bound to furnish reasonably safe streets, and if they do not, and a traveler is injured by a culpable defect in the highway, it is no defense that his horse at the time, without any fault on his part, was running away or was beyond his control. 2 Shearman & Redfield on Neg., sec. 346, p. 28; Elliott on Roads and Streets, p. 451; 2 Thompson on Neg., sec. 1085; Jones on Neg. of Mun. Corp., sec. 196, p. 106; *Ring v. Cohoes*, 77 N. Y. 83; *Byerly v. City of Anamosa*, 44 N. W. Rep. 359; *City v. Smith*, 79 Ind. 308; *Campbell v. City of Stillwater*, 32 Minn. 308; *Mansfield v. City of Dubuque*, 25 Iowa, 108; *Baltimore, etc., Co. v. Bateman*, 63 Md. 389. (4) As specially applicable to the facts of this case and sustaining the verdict and judgment. *Bassett v. St. Joe, supra; Hull v. Kansas City, supra; Brennan v. St. Louis, supra; Cushing v. Inhabitants of*

*Bedford*, 125 Mass. 526; *Stone v. Hubbardson*, 100 Mass. 49; *Winship v. Enfield*, 42 N. H. 197. (5) On motion to exclude all evidence for failure of the petition to allege any cause of action, the court should overrule the motion if all parts of the petition together furnish a cause of action, however defective. *Young v. Shickle, etc., Iron Co.*, 103 Mo. 324.

GANTT, P. J.—This is an action for damages for personal injuries alleged to have been caused by the dangerous and defective condition of a street in St. Louis, by which plaintiff was thrown from his wagon, and his leg broken.

The plaintiff was and is a farmer residing about ten miles west of St. Louis. On the twentieth day of November, 1893, he drove a team of well broken, gentle mules, hitched to a two-horse wagon, to the city for a load of cement, which he was to haul to Kirkwood. At a point on Chouteau avenue where it crosses the St. Louis & San Francisco Railway there is an iron bridge which passes over the railroad, which forms a part of the roadway and traveled surface of said street. This bridge has wooden floors which are laid crosswise or "skew," so that when a wagon passes over it the wheels do not leave the floor of the bridge at the same time, but as the wagon goes west the north wheel leaves the floor first and then the south wheel. This bridge has a partition in the center, so that wagons going west pass on the north roadway, and those going east on the south roadway of the bridge. As plaintiff came into the city in the morning he drove over this bridge and noticed that at the west end of the bridge, where the wooden floor terminated and the macadam of the street began, there was a hole or abrupt depression in the macadam of the depth from six to ten inches, according to the judgment of differ-

ent witnesses. This hole had been formed by the wheels of various vehicles coming off of the bridge one at a time and diagonally on the macadam which was lower than the floor with a churning motion, and by degrees grinding out, as it were, a hole or depression at the point of junction between the macadam and the floor of the bridge. Chouteau avenue at this point was a much traveled highway or street. Having obtained his load, consisting of twelve barrels of cement, plaintiff started to Kirkwood by way of Chouteau avenue. He sat on top of the cement barrels to drive. The wagon bed was about eighteen inches deep and a barrel of cement about three feet high. He chose Chouteau avenue because his most direct and convenient route. He could have gone by Market street or Theresa avenue by going four blocks out of his way and back. When he reached the center of this bridge on Chouteau avenue over the railroad a train moving west shot off steam right under the mules, and thereupon one of the mules shied, and rushed against the other mule and shoved him against the wagon pole, and they quickened their gate, and alternately shoved each other north and south till they reached the end of the bridge, when he partially lost control of them, and as the first wheel went off the bridge it dropped into the hole with such force that it threw him off of his seat and in front of the wheels, which ran over his ankle and broke it. The evidence tended to show this hole had been permitted to remain in this condition from three weeks to three months. Plaintiff testified he knew of the hole, but thought he could pass over it in safety, notwithstanding its character, and thinks yet he could have done so if his mules had not gotten partially beyond his control.

He says he would have tried to go over on the car track. He could have got the right hand wheel on the

car track and the other on the offset where the hole was not so deep and thus ease the wagon down so as not to give too sudden or great a shock to it. Plaintiff's ankle was broken. He remained at a house in the neighborhood for fourteen days and was taken home and confined to his bed four or five weeks, and to the house for three months, and then used crutches six or seven months. He still suffered pain at the time of trial. His services on the farm were worth $2 a day. His doctor's bill was reasonably worth $150 to $200. He owed board at the house at which he remained the first two weeks, and he testified he could not do over half as much work since his injury as he could before he was hurt. The physician testified that the injury would be permanent in reducing his capacity to labor.

The cause was tried to the court, both sides waiving a jury.

The court gave the following declarations of law at the request of defendant:

"1. The court declares the law to be that even if the city was negligent in allowing a depression to remain at the west end of the bridge, after it knew there was such a depression, or by the exercise of reasonable care could have learned such fact, yet plaintiff is not entitled to recover unless such depression was the proximate cause of the injury complained of in this case.

"2. The court declares the law to be that if the street, at the point mentioned in the other instructions, was in a reasonably safe condition for a person exercising ordinary care to safely pass over the same, then the city is not liable, even though some intervening, efficient, accidental cause operated to produce the injury to plaintiff; that is, that an accidental cause can not increase the liability of the city so as to make it liable under the extraordinary circumstances caused by the

accidental cause supplementing the condition of the street which did not amount to negligence, without said accidental cause."

The court refused the following declarations of law:

"1.   The court declares the law to be that upon the evidence adduced the plaintiff is not entitled to recover and the judgment must be for defendant.

"2.   The court sitting as a jury declares the law to be that if plaintiff could have safely passed along Chouteau avenue between Vandeventer avenue and Tiffany street on the twentieth of November, 1893, by the exercise of ordinary care, notwithstanding the existence of a depression, if such there was, at the west end of the railroad bridge, and that plaintiff's injury was caused by his team taking fright at a locomotive and train of cars passing under the bridge while plaintiff was crossing the bridge, then the existence of such depression was not the proximate cause of the injury to plaintiff, and plaintiff is not entitled to recover.

"3.   The court declares the law to be that if the plaintiff could have safely passed along Chouteau avenue between Tiffany street and Vandeventer avenue, by the exercise of ordinary care, under ordinary circumstances, and that the injury to plaintiff was occasioned by his team taking fright at a locomotive and train of cars passing under the bridge while plaintiff was crossing over the same, in consequence of which plaintiff lost, or partially lost, control of his team and the team passed over the point of the street which was safe under ordinary circumstances, but which might not be safe when passed over at a high rate of speed by a team which had gotten beyond the control of the driver, and that plaintiff's injuries were occasioned by this extraordinary condition, then plaintiff is not entitled to recover in this case.

"4. The court declares the law to be that it is not the duty of the city to keep its streets in such a condition that accidents may not happen to persons driving over the same when such driver has lost control of his team, but that the duty of the city is confined to seeing that its streets are in a reasonably safe condition for persons to safely pass over the same by the exercise of ordinary care under ordinary circumstances."

Thereafter the court entered judgment for the plaintiff for $1,500, and defendant duly excepted at the time.

Defendant filed its motions for new trial and in arrest, which, being overruled, the case was appealed to this court.

I. By section 26, article 3, of the scheme and charter of the city of St. Louis, that city is empowered to establish, open, vacate, alter, widen extend, pave, or otherwise improve and sprinkle all streets, avenues, etc., and provide for the payment of the costs and expenses thereof in the manner in the charter prescribed and to construct and keep in repair all bridges, streets, etc.

Whatever may be the law in other States, there can be no doubt that municipal corporations in Missouri are bound to keep the streets and highways in a proper state of repair, free from obstructions, so that they will be reasonably safe for travel; and if they neglect to do this, they will be held liable for all injuries happening by reason of their negligence. As said by SHERWOOD, C. J., in *Welsh v. City of St. Louis*, 73 Mo. 71, "that such a duty, such an obligation, belongs to the city, and is a continuing obligation, which can not be shirked or shifted to the shoulders of another, is well settled in this State." *Blake v. St. Louis*, 40 Mo. 569; *Bowie v. City of Kansas*, 51 Mo. 454; *Bassett v.*

*City of St. Joseph,* 53 Mo. 290; *Franke v. St. Louis,*
110 Mo. 517; *Brennan v. St. Louis,* 92 Mo. 482.

It must also be taken as established law in this
State that it is not necessary to a recovery against a
municipality that its neglect to keep its street in repair
shall be the sole cause of an injury, but the plaintiff or
injured party may recover where he or she is in the
exercise of ordinary care and prudence and the injury
results partly from the defective street and partly from
an accident, unconnected with the defect in the street,
for which neither the city nor the plaintiff is responsible.
In *Brennan v. St. Louis,* 92 Mo. 482, the cases are re-
viewed in these words: ''Cases are to be found where it
seems to be held, under like circumstances, that, in
order to recover, it must be proved that the injury was
occasioned solely by the neglect of the defendant (city),
and not the neglect of the defendant, combined with
some accidental cause.    But this court in discussing a
like question in *Bassett v. St. Joseph,* 53 Mo. 290, *loc.
cit.* 300, said: ''It is true, that if it had not been for the
attempt of the mule to kick, the injury might not have
occurred; and it is equally true, that if there had been
no excavation at hand, the kicking of the mule would
have been harmless.''    And further on the conclusion
is reached, that if the plaintiff was without fault she
would have a right to recover, notwithstanding the
cause contributing to the injury was the attempt to
the mule to kick plaintiff, and she, in attempting to
protect herself, fell or jumped into the excavation.
The same principle, that the plaintiff may recover when
he is in the exercise of ordinary care and prudence, and
the injury is attributable to the defective street, with
some accidental cause, was again asserted in *Hull v. Kan-
sas City,* 54 Mo. 598, and must be taken as established
law.    So that if the street in this case was defective,
as the court evidently found it was, and that defective

condition contributed with the shying of the mules (caused by the sudden blowing off steam) to plaintiff's injury, this case falls clearly within the doctrine laid down in *Hull v. Kansas City, Bassett v. St. Joseph,* and *Brennan v. St. Louis, supra; Winship v. Enfield,* 42 N. H. 197.

The learned city counselor argues that *Hull v. Kansas City,* 54 Mo. 598, was overruled by *Brown v. Glasgow,* 57 Mo. 156. We do not so understand that case. On the contrary, it is predicated upon two principal facts, to wit, the fact that the driver wholly lost control of or abandoned his team, and the fact that the highway was ample and sufficient for all usual travel thereon and the defect was not in the traveled portion of the street. The court in that case cited *Bassett v. St. Joseph* and *Titus v. Northbridge with approval.* As was pointed out in *Bassett v. St. Joseph, Titus v. Northbridge* was confined to cases where the horse or team becomes wholly uncontrollable, so that the driver can not direct his course, and he, in this condition, comes in contact with a defect in a street or highway by which an injury is occasioned; and the city is not liable unless it appears that the injury would have occurred if the horse had not become uncontrollable; and it was expressly said in that case, "that a horse is not to be considered uncontrollable that merely shies or starts or is momentarily not controlled by his driver." In this case the evidence clearly indicates that this was nothing more than the shying or momentary fright of a gentle team and no doubt but for the hole plaintiff would have readily recovered control of them. This is the construction put upon *Titus v. Northbridge* by the Supreme Court of Massachusetts in subsequent decisions and the general rule elsewhere. *Babson v. Rockport,* 101 Mass. 93; *Wright v. Templeton,* 132 Mass. 49; *Hinckley v. Somerset,* 145 Mass. 326; *Hey v. Philadel-*

*phia*, 81 Pa. St. 50; Elliott on Roads and Streets, p. 448; *Spaulding v. Winslow*, 74 Me. 528.

But, independent of whether *Brown v. Glasgow* is in conflict with *Hull v. Kansas City*, counsel for the city insists that those cases have no proper application here, because plaintiff's petition concedes that the street was in a reasonably safe condition. If this be true it must end the discussion, as the plaintiff must be held conclusively estopped to deny the allegations of his own pleadings.

A reference to the petition must determine the correctness of defendant's assumption. The petition avers that the street "was defective, out of repair and dangerous to persons driving or traveling with vehicles along and upon Chouteau avenue;" that "there was at said time a hole or depression in the macadam or gravel roadbed of said Chouteau avenue of the depth of ten inches and the width of twelve inches and the length of twenty inches;" "that said hole was so situated and of such dimensions as that persons passing westwardly on said bridge were compelled to pass over or very near the same and that there was danger to the lives and property of the public traveling upon said street;" that "but for the presence of said hole, notwithstanding the speed at which his mules were going and the fact that they were partially beyond his control (these two conditions being referrable to the sudden blowing off of the steam by the engine under the bridge) he would have passed off said bridge and escaped injury or danger to himself." These allegations of a defective street without doubt state a case of negligence but in the remaining sentences of the petition plaintiff, evidently to show he was not guilty of contributory negligence which would bar his recovery, made this allegation: "*That notwithstanding the fact that said hole was a nuisance and a source of danger to*

*the traveling public, yet the same under ordinary circum-stances and with the exercise of care could be passed with safety.''* It is this allegation upon which defendant bases its contention that the petition admits that the street was reasonably safe for persons to pass over by the exercise of ordinary care. But this would be to give the petition a most unnatural and partial construc-tion, in that it would permit this one clause to contra-dict and overturn the whole scope and tenor of all the other allegations of the petition. Our statute requires that pleadings shall be liberally construed with a view to substantial justice between the parties. R. S. 1889, sec. 2074.

Moreover, it is one thing to admit that a street is or was in a reasonably *safe* condition for public travel and another to state it was in *a dangerous and unsafe condition*, and yet a party might even in its unsafe con-dition pass safely over it by the exercise of great care if no other adverse circumstance intervene.

We think the clause relied upon by defendant must be read with the remainder of the petition, and when so read it simply means that plaintiff, but for the unexpected and accidental occurrence of the sudden discharge of steam and smoke under the bridge, ex-pected to pass safely over the defective and dangerous hole in the street; that in his opinion, while a nui-sance and a dangerous defect in the highway, it was not so necessarily dangerous that by the exercise of great care and prudence he could attempt to pass it without being guilty of contributory negligence in so doing. In a word, the plaintiff did not admit the street was in a safe condition for travel, but did admit that notwith-standing the dangerous condition in which he alleged it was, he thought by the exercise of *great care* he could pass safely over it. It follows that there is no such premise as assumed by defendant, upon which he

builds the sequence that by adding an accidental cause to *no negligence* on the part of defendant it is held liable. On the contrary, it is plainly apparent from the second instruction given defendant, the circuit court held otherwise because it declared the law to be that if the street was in a reasonably safe condition for a person exercising ordinary care then the intervening of an efficient accidental cause would not render the city liable. No other presumption can arise from the declarations of law given and the finding of the court than that it found the street was *not* in a reasonably safe condition for travel, and that this defect and the accidental blowing off steam immediately under the the bridge *combined* to produce plaintiff's injury, and as he was without fault and the injury would not have ensued but for the defective street, the city was liable.

There was no error in refusing the other instructions asked by defendant. Those given at its request covered the real questions in the case. The second refused instruction was erroneous in declaring that the defect in the street could not be a proximate cause of the injury if plaintiff could have passed the hole by the exercise of ordinary care. If as it would seem this was an effort to define proximate cause, it is not tenable. If it was an attempt to define the city's liability, no error was committed in refusing it as that had already been done in the instructions given for defendant. The third and fourth refused instructions were properly refused because they recite a state of facts not in evidence.

The cause was clearly one for a jury and was fairly tried and the verdict seems to be very reasonable under the evidence.

The judgment is affirmed. SHERWOOD and BURGESS, JJ., concur.