J. N. BALLENTINE, Appellant, v. KANSAS CITY,
Respondent.

**Kansas City Court of Appeals, June 24, 1907.**

MUNICIPAL CORPORATIONS: Unbarriered Alley: Injury to Horse:
Jury Question. The plaintiff hitched his horse to a thirty-pound
weight in an alley and left him to deliver goods in an adjoining
house. On returning he saw only the head of the horse as it
went over an unguarded- declivity on the opposite side of the
alley. *Held,* on the evidence the city was guilty of negligence
in not guarding the alley on the side of the declivity; and it was
a question for the jury to say whether the injury was the sole
result. of the backing of the horse, in which event the city
would not be liable for damages, or whether the injury was the
result of the city's negligence contributed to by the accidental
action of the horse, in which event the city would be liable.

Appeal from Jackson Circuit Court.—*Hon. James H.
Slover,* Judge.

REVERSED AND REMANDED.

*C. W. Chase* and *P. J. Byrd* for appellant.

(1) Court erred in giving peremptory instruction
asked by defendant, and in taking the case from the
jury. Moore v. Transit Co., 194 Mo. l. c. 9; Patton v.
Bragg, 113 Mo. l. c. 601; Bender v. Railroad, 137 Mo.
240. (2) Was the horse hitched? The evidence shows

that he was and in a reasonably safe and prudent manner.

*E. C. Meservey,* City Counselor, and *W. H. H. Piatt,* Associate City Counselor, for respondent.

(1)   The action of the court in giving the instruction asked by the defendant at the close of plaintiff's evidence was proper.   The evidence affirmatively showed that accident resulted from the carelessness of plaintiff and his servants without any concurring negligence on part of defendant.   Brown v. Glasgow, 57 Mo. 156; Titus v. Northbridge, 97 Mass. 258; City of Hannibal v. Campbell, 86 Fed. 297; Schoenlan v. Friese, 14 Mo. App. 436; Ruppenthal v. St. Louis, 190 Mo. 213; Ely v. St. Louis, 181 Mo. 723; Downend v. Kansas City, 156 Mo. 60.   (2)   The burden was upon plaintiff to show First, negligence of the defendant as a proximate cause of the accident.   Second, that the accident occurred in a public highway, under such conditions as to make the defendant liable.   Hughes v. Railroad, 66 Mo. 325; Turner v. Thomas, 71 Mo. 596; Brown v. Glasgow, 57 Mo. 156; Hannibal v. Campbell, 86 Fed. 297; Titus v. Northbridge, 97 Mass. 258.

BROADDUS, P. J.—This is a suit for damages against the city for an alleged failure to maintain one of its alleys in a reasonably safe condition for the use of the public, by reason of which the plaintiff's property was injured.   At the time of the injury complained of and for a long time prior thereto, the building known as Tullis Court stood upon the north side of Eighth street, between Penn street and what was known as Jefferson street before it was vacated.   A driveway or alley extends from Eighth street north on the east side of Tullis Court to the north side of said block, and then extends east and west on the north side, and then south on the west side of said court to Eighth street; which

was used by tradesmen delivering goods to the families living in said Court. On the north side of this alley that runs east and west on the north side of the Court, there is a steep declivity of fifty feet. This alley had been established by an ordinance of the city.

The plaintiff was engaged in the grocery business and at the time of the alleged injury his driver of a wagon drawn by one horse was in said alley delivering groceries to a family living in the northeast corner of said Court. When he stopped his wagon he hitched his horse to a thirty-pound weight and set the brakes of his wagon, with the lines around the beam. There was another person with the driver. They left the horse hitched as stated, went into the house to deliver the goods and when they came out they saw only the head of the horse as he was disappearing over the declivity. The alley in question was about ten feet wide and the declivity was unguarded by rails or otherwise. In the fall the horse was killed, and the wagon and groceries that were in it were damaged. The place where the animal was hitched was about the length of the wagon from the declivity in question. The horse was shown to have been an animal of good habits and not accustomed to moving away when hitched to the weight in question. The court at the close of plaintiff's evidence directed the jury to return a verdict for the defendant, whereupon plaintiff took a nonsuit with leave to move to set the same aside. In due time he moved to set aside the non-suit, which motion the court overruled and rendered final judgment against him, from which he appealed.

The plaintiff takes the position, that, as his driver exercised proper care in hitching the horse, and, as the city was negligent in not guarding the place in question by a sufficient barrier, the absence of which was the cause of the loss of his horse and goods and the damage to his wagon, he made out a case for the jury. The weight to which the horse was hitched was sufficient to

secure any ordinary horse free from vicious habits; and plaintiff's horse was shown to have been such. Under this state of facts, the plaintiff's driver was proven to have exercised reasonable care in hitching the horse. The defendant city in failing to guard the declivity from danger to persons and property that might come upon the alley was guilty of negligence.

It is true that, as plaintiff's counsel stated to the jury, what caused the horse to get away from the place where his driver left him was not apparent, yet the manner of the wagon going over the declivity first and the horse last, indicated that he moved backward. In Hull v. City of Kansas, 54 Mo. 598, it is held. "If the driver of a horse is in the exercise of ordinary care and prudence, and injuries done the animal are attributal to the insufficiency of the street conspiring with some accidental cause, the municipality is liable in damage." In that case Judge WAGNER, who delivered the opinion of the court, quoted with approval the language of Judge Redfield in Hunt v. Pownall, 9 Vermont 411, where a like rule was announced. Such was the view of the court in Bassett v. St. Joseph, 53 Mo. 290. The question arose later, in Brennan v. St. Louis, 92 Mo. 482, on which the cases cited were reviewed and the rule upheld.

In Bassett v. St. Joseph, *supra,* the court said in the argument upon the facts. "It is true that if it had not been for the attempt of the mule to kick, the injury might not have occurred; and it is equally true that if there had been no excavation at hand, the kicking of the mule would have been harmless." And so in this case, it is true that the injury would not have occurred if the horse had not moved from the place where it was hitched, but the evidence tends to show it is equally true that if the declivity had been guarded the backing of the horse "would have been harmless."

It was for the jury to say whether the injury was the sole result of the backing of the horse, in which

event defendant was not liable for damages; or whether it was the result of the city's negligence contributed to by the accidental action of the horse, in which event the city would be liable. The cause is reversed and remanded. All concur.