W. A. TURNER, Respondent, v. SOUTHWEST MISSOURI RAILROAD COMPANY and the CITY OF CARTHAGE, Appellants.

Kansas City Court of Appeals, May 17, 1909.

1. **MUNICIPAL CORPORATIONS: Defects in Streets: Instructions.** In an action against a city and a street car company for injuries caused by plaintiff's cart striking a pile of dirt in the street and turning over on him after his horse had become frightened at a street car, an instruction that if the company's servants in paving the street, deposited dirt in such quantities as to render driving dangerous, and negligently permitted it to remain after it could have been removed by ordinary care, and the city had notice of the presence of the dirt in time to have removed it, or might have known thereof by ordinary care, and, while plaintiff was exercising ordinary care his horse became frightened at a noise made by one of defendant's street cars and ran the cart against the dirt throwing plaintiff out and injuring him, he could recover and it was no defense that the part of the street north of the dirt pile was unobstructed, in effect requiring the plaintiff to negative defenses that the dirt was removed within a reasonable time, or that the defendant did not have a reasonable time to remove it before the accident, or as to whether there was room for plaintiff to pass had he used reasonable care or as to whether plaintiff's injury was caused by his own negligence in driving too fast, combined with the fright of the horse, and covered every material matter which plaintiff was required to prove in order to recover, and hence was not erroneous as failing to submit material issues.

2. ———: ———. Cities must keep their streets in a reasonably safe condition for use by the traveling public, and are liable for injuries resulting from their failure to do so, to drivers thereon who are themselves exercising due care.

3. **STREET RAILWAYS: Exclusion of Evidence: Harmless Error.** In an action for damages caused by plaintiff's horse becoming frightened at a street car and running over a pile of dirt in

the street, error in excluding testimony that plaintiff's horse would shy at automobiles and motorcycles, offered to show knowledge by plaintiff that his horse was liable to become frightened at street cars, was harmless where defendant was allowed to prove that plaintiff's horse was afraid of and would shy at street cars.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,* Judge.

AFFIRMED.

*McReynolds & Halliburton* for appellant, railroad company.

The disposition and character of plaintiff's horse being in issue, the court erred in excluding evidence showing plaintiff's horse was afraid of and shied at automobiles and motorcycles, and as to being high strung and skittish. This evidence tended to show knowledge on part of plaintiff that his horse was scary and liable to scare at a street car and run away. If, with this knowledge, plaintiff drove his horse on a street with a car line on it, he did so at his own risk. Oates v. Railroad, 168 Mo. 547; O'Neill v. Blase, 94 Mo. App. 667; 2 Cyc., p. 377, par. 3; 6 Thompson, Neg., p. 752, sec. 7852; Golden v. Clinton, 54 Mo. App. 144; Brown v. Glasgow, 57 Mo. 156; Elliott, Roads and Streets, 449; Moore v. Transit Co., 126 Mo. 276; Kaiser v. St. Louis, 185 Mo. 374; Brannock v. Elmore, 114 Mo. 64, par. 4; Padley v. Catterlin, 64 Mo. App. 641; Marx v. Hart, 166 Mo. 522-3, par. 4; Hellman v. Somerville, 212 Mo. 430, par. 2; Bank v. Nichols, 202 Mo. 323. An oral admission may be proved by any person who heard it. If a witness cannot give the exact words of a conversation, he may state the substance of it. 16 Cyc., p. 1037, par. B. Testimony of a party on a trial may be used against him on a subsequent trial of the same case and may be proved by any one who heard it and is absolutely primary evidence. 16 Cyc., pp. 939, 940, par. B, note 13;

16 Cyc., pp. 976, 4977, par. V.   A single instruction in-tended to present the law of the case should cover the whole case, especially where it directs a judgment for plaintiff, and if it does so without requiring the jury to consider material questions presented by the plead-ings and evidence of the defendant, it is erroneous and precludes defense relied on by defendant.   Scanlon v. Gulick, 199 Mo. 455 and citations; Austin v. Transit Co., 115 Mo. App. 146; Wojtylak v. Coal Co., 188 Mo. 260; Staples v. Canton, 69 Mo. App. 592; Tonerey v. Railroad, 129 Mo. App. 599.   A city is only required to keep its streets in a reasonably safe condition for travel therein. by ordinary modes, under ordinary circum-stances, and there was no evidence that the pile of dirt constituted a necessarily dangerous obstruction in the street.   Young v. Kansas City, 115 Mo. App. 602; Hessel-bach v. St. Louis, 179 Mo. 505.   A temporary use of a street for the purpose of making improvements and for a reasonable time, is a lawful use, and what is a reason-able time, is to be determined by the circumstances of each case.   Hesselbach v. St. Louis, 179 Mo. 505; Christ-man v. Meierhoffer, 116 Mo. App. 46; Frick v. Kansas City, 117 Mo. App. 488.   In this case the evidence show-ing that plaintiff knew of the alleged obstruction, and, at the time of the accident, the evidence showing that it was light and that the alleged obstruction could be seen across the street and that there were forty to fifty feet of clear unobstructed roadway upon which plaintiff could have driven, he was not entitled to recover and defendant's peremptory instructions should have been given by the court.   Craig v. Sedalia, 63 Mo. 417; Shon-hoff v. Railroad, 97 Mo. 151; Tritz v. Kansas City, 84 Mo. 642; Clarke, Accident Law (Street Railways), secs. 113, 114, pp. 333-4; Hesselbach v. St. Louis, 179 Mo. 522; Ruppenthal v. St. Louis, 190 Mo. 227; Wheat v. St. Louis, 179 Mo. 572; Seibert v. Railroad, 188 Mo. 671; Morie v. Transit Co., 116 Mo. App. 20,

138 App.—10

*Roy A. Hockensmith* and *J. D. Harris* for appellant, City of Carthage.

The court erred in rejecting this evidence as it was competent for the purpose of impeaching plaintiff's testimony, and was admissible for the further reason that it was an admission against his interest.     Hays v. Waller, 2 Mo. 222; State v. Wertz, 191 Mo. 580.     Where the impeaching evidence is offered against one who is a party to the suit, no foundation for the offer need be made.     Sanders v. Clifford, 72 Mo. App. 550; Owens v. Railroad, 95 Mo. 183; State v. Wertz, 191 Mo. 580.     And since it was a declaration against his interest and Turner being a party to the suit, no foundation was necessary. The trial court committed reversible error in refusing to give instruction U.     Canter v. St. Joseph, 126 Mo. App. 636; Brown v. Mayor et al. of Glasgow, 57 Mo. 158.

*Thomas & Hackney, Howard Gray* and *J. H. Bailey* for respondent.

To admit evidence of the habits of a horse and the actions of a horse previous to an accident, the evidence of previous conduct must be directed to the horse under like circumstances to the circumstances in controversy. Johnston v. Tuttle, 81 N. E. 886; Lynch v. Moore, 154 Mass. 335.     The doctrine of concurrent negligence is firmly rooted in the jurisprudence of this State.     The defendant may be liable even if the accident was not caused by his sole negligence.     He is liable if his negligence concurred with that of another, or with the Act of God, or with an inanimate cause, and becomes a part of the direct and proximate cause of the injury, although not the sole cause.     Harrison v. Kansas City El. Lt. & Pr. Co., 195 Mo. 606; Newcomb v. Railroad, 169 Mo. 422; Vogelgesang v. St. Louis, 139 Mo. 127; Bassett v. St. Louis, 53 Mo. 290; Burns v. St. Joseph, 91 Mo. App. 489; Brash v. St. Louis, 161 Mo. 438.     Instruction No. 2 for the plaintiff was properly given.     Lindsay v.

Kansas City, 195 Mo. 166; Russell v. Columbia, 74 Mo. 480; Smith v. Hayti, 130 Mo. App. 321; Walker v. Kansas City, 99 Mo. 647; Kossman v. St. Louis, 153 Mo. 293; Fockler v. Kansas City, 94 Mo. App. 464.

BROADDUS, P. J.—This is a suit for damages because of defendants' negligence.

The defendant city granted a charter to its co-defendant railroad company to lay down a line of railroad, over which to operate its cars on Fourth street between Main and Grant streets, and on Grant street north to Third street, and west on Third to Main street, and south on Main street to the southern boundary of the city. At the times herein mentioned, the defendant railroad company had built its line of railroad and was operating its cars over said streets by the use of electricity. The company, in doing work in and about its tracks, dug up the earth at the intersection of Main and Fourth streets and piled it up near the east line of Main street and near the southwest corner of the public square.

Plaintiff's evidence is to the effect that the pile of dirt had remained on said street for several weeks prior to the 29th day of January; that it was from fifteen to thirty inches in height; that Main street was thirty-one feet, six inches wide between the curbings; that the track of defendant was laid about the middle of the street; that it turns east from Main onto Fourth street at the southwest corner of the square and makes a loop around the square and intersects with South Main street again at the southwest corner of the square; that in making the turn off of Main street to Fourth street, the track comes within two feet of the curb at the southeast corner of the cross street; that the cars bound for Galena, after making the circuit of the square, were usually stopped in front of the business house of Holbrook, the car projecting slightly south of the north line of Fourth street; that said pile of earth on Fourth

street was within about eight feet of the east line of Main street and extended about six feet into Fourth street from the curb; that on said 29th day of January, at about 6 o'clock p. m., the plaintiff was driving his horse attached to a two-wheeled cart north on Main street; that at or near the time he reached the point where he intended to turn to the right for the purpose of going to his place of business, the noise of the escape of air from one of defendant's cars standing on the north side of Fourth street caused the horse to shy and swerve to the south as it turned east, whereby the right wheel of the car ran over the pile of dirt, which capsized the cart and threw the plaintiff out; that plaintiff's horse at the time he approached the place mentioned was in a trot and that before he reached it he slowed down; that after plaintiff fell the cart turned over upon him; that plaintiff was in control of the horse and was driving in an ordinary and careful manner until the car made the noise by escaping air; and that the horse was kind and easily controlled. The plaintiff received a severe injury by his fall. There were no lights or guards placed around the pile of dirt to warn travelers of its existence.

Defendants' evidence tends to show that all the dirt piled upon the street prior to the 28th day of January had been removed; that there was sufficient room between the pile of dirt and the curb for vehicles to pass in safety; that plaintiff was driving at a rapid gait; that there was sufficient light to enable a traveler to see the pile of dirt; that, although plaintiff's horse usually was gentle, it had a habit of shying and shied at street cars; that plaintiff lost control of him which caused him to run upon the pile of dirt; that after passing over the pile of dirt nothing happened until the horse struck a stone cross-walk in the street when he slipped and fell, turning the cart over and throwing plaintiff out.

Plaintiff recovered judgment for $4,000, from which defendants appealed.

In the trial of the case, the court excluded evidence

offered by defendants to prove that plaintiff's horse was afraid of and shied at automobiles and motorcycles. The testimony was offered to show knowledge on the part of plaintiff that his horse was likely to scare at a street car and run; and that, if such was the fact and known to plaintiff, he drove his horse on a street with a car line at his own risk. If the driver of a horse knows his horse is liable to become frightened at street cars and to run away, and with such knowledge drives him on a street with a car line on it, he does so at his own risk. [Oates v. Metropolitan St. Ry. Co., 168 Mo. l. c. 547.] But we cannot see how the defendants were prejudiced by the exclusion of this evidence as they were allowed to prove that the horse was afraid of and shied at street cars. The fact that plaintiff's horse was scary would not prevent his right to recover, provided the defendants' negligence was the producing cause of the injury. [Vogelgesang v. St. Louis, 139 Mo. 127, and cases cited.]

Defendants offered to prove by a witness the evidence of plaintiff on a former trial of the case. As his testimony was taken down by a stenographer and the notes shown to be still in existence, and defendants not being able to show diligence in an effort to obtain a copy of such notes, the court excluded the testimony of the witness. This action of the court is urged as error, and the claim is made that the stenographer's notes are not the best evidence of what the plaintiff testified to at said trial, and that it was so held in Padgitt v. Railroad, 159 Mo. 143. We think the decision, when properly construed, does not so hold. We endeavored to show in Estes v. Railway Co., 111 Mo. App. 1, that the Padgitt case was not in conflict with the decision in Bradley v. Spickardsville, 90 Mo. App. 416, which holds that the notes of the stenographer are the best evidence of what a witness testified to at a former trial. It requires no argument to support the view, that the statements of a witness taken down in writing at the time by a skillful official under oath are more reliable for accuracy than the recollection

of a witness and especially so after a long lapse of time. It is true, as contended by defendant, that the notes of an official stenographer are not infallible, but that is no reason why they should not be accepted in preference to that which in all instances is much more fallible.

Instruction No. 1, given at the instance of plaintiff, is criticized on the ground that, while it purports to cover the whole case upon which to predicate a verdict, it omits to include material questions presented by the pleadings and evidence.  Said instruction is as follows: "The court instructs the jury that if they find from a preponderance or greater weight of the evidence that the agents or servants of the defendant, Southwest Missouri Railroad Company, in relaying and paving its tracks on Main street or on Fourth street near the southwest corner of the public square in Carthage, Missouri, deposited dirt or gravel in Fourth street near the southwest corner of Fourth street and Main street at the point mentioned by the witnesses in such a quantity as to render travel on said street at said point unsafe and dangerous, and negligently permitted the same to remain in said street after the same could have been removed by the said railroad company, by the exercise of ordinary care; and if you further find from the evidence that the defendant, the city of Carthage, had notice of the existence of said dirt or gravel and of the dangerous condition in which the said railroad company had left said street at said point, in time to have removed the same. or might have so known by the exercise of ordinary care, and that on the evening of January 29, 1907, while traveling east from Main street on Fourth street and in the exercise of ordinary care in driving, plaintiff's horse became frightened by a noise made by air escaping from a car of the defendant railroad company, and ran the vehicle in which the plaintiff was riding onto and against said pile of dirt or gravel, and plaintiff was thereby thrown from the vehicle and his leg was thereby broken and injured, you will find a verdict in favor of the plaintiff and

Turner v. Railroad.

against both defendants; and under such circumstances it is no defense that the portion of Fourth street north of said obstruction was in a good condition for travel and was unobstructed."

The omission consists in not calling the attention of the jury to defendants' side of the case, which was supported by evidence that the dirt was removed from time to time and within a reasonable time after it was dug up in the progress of the work; or that, considering the conditions and character of the weather, defendants had not had reasonable time to remove the dirt before the plaintiff's injury; in omitting to submit to the jury the question whether there was ample room in the street for the passage of plaintiff's vehicle, had he used reasonable care; and in omitting to submit to the jury the question whether plaintiff's injury was the result of his own negligence in driving his horse at a rapid gait combined with the fright of said horse.

It seems to use that the instruction, in effect, negatives all the matters indicated and that it comprehends and calls to the attention of the jury every material matter which the plaintiff should prove to entitle him to a verdict. And further, we are of the opinion that all the so-called omissions are purely matters of defense and such the instruction of plaintiff was not required to mention. The court in instructions given at the instance of defendant submitted them as special matters of defense.

The criticisms on instructions No. 2 and No. 3, given for plaintiff, we consider, as entirely without any substantial basis.

The court gave thirteen instructions asked by defendant and refused ten. It is true, some of those given were modified by the court, but we think properly. It seems that a party to *any ordinary suit* ought to be satisfied with a less number of instructions than thirteen. The defendants in this case nearly exhausted the alphabet in order to identify their instructions, and seriously

contend that it was an error of the court in refusing to give 0. This instruction cannot be said to contain any element of vice, and could have worked no prejudice to the defendant. But, as it was mostly an admonition to the jury to perform its duty as such fairly and without prejudice and to do equal justice, looking only to the law and the evidence, without taking into consideration that an individual was on one side and two corporations on the other side, the court was not bound to give it, after having given to the jury in other instructions all that was necessary for its guidance. It is true, the courts have said it is proper for the court to warn jurors to beware of giving to a private individual greater consideration than to a corporation in making up its verdict, but it is not held that such warning is indispensable.

Notwithstanding there may have been room enough for a vehicle driven with ordinary care to have avoided the pile of dirt in the street, still plaintiff was entitled to recover under the evidence. "It is the well-settled law of this State, that it is the duty of cities to keep their streets in a reasonably safe condition for the use of the traveling public, and for a failure to perform that duty they are held to be liable to persons traveling thereon in the exercise of due care." [Fockler v. Kansas City, 94 Mo. App. 464, and cases cited.]

In Hull v. City of Kansas, 54 Mo. 598, it is held, "If the driver of a horse is in the exercise of ordinary care and prudence, and injuries to the animal are attributed to the insufficiency of the street conspiring with some accidental cause, the municipality is liable in damages."

In Bassett v. The City of St. Joseph, 53 Mo. 290, the facts were that the plaintiff, in attempting to pass along the sidewalk connected with the public street opposite to an excavation and between the excavation and a wagon standing in the street and to which there was attached a pair of mules, was kicked at by one of the mules and that she was either kicked into the excavation, or, in

her effort to avoid the same, was precipitated into the excavation. The court in passing on the case said, "It is true, that if it had not been for the attempt of the mule to kick, the injury might not have occurred, and it is equally true that, if there had been no excavation at hand, the kicking of the mule would have been harmless," and "that the injury was partly the result of accident unconnected with the defect in the street and, without any fault on the part of the plaintiff, would not prevent a recovery." And so in this case, the injury would not have occurred had the horse not become alarmed at the escaping air from the car; it is equally true that, if the pile of dirt had not been in the street, the fright of the horse would have been harmless. And such is the law as held in Ballentine v. Kansas City, 126 Mo. App. 130, and the cases there referred to. Practically, there are only two questions in the case, to-wit, whether plaintiff's horse shied and dragged the wheel of the wagon over the pile of dirt and threw plaintiff out, and whether defendants were negligent in failing to remove said pile of dirt in a reasonable time.

We believe we have discussed all the material questions raised on the appeal.

Affirmed. All concur.

