Price et al. v. Evans et al.

———————————•———————————

THOMAS D. PRICE AND HENRY A. SHERRILL, Plaintiffs in Error, v. W. S. EVANS AND T. D. EVANS, Defendants in Error.

1. *Practice, civil — New trial — Verdict — Jury, conduct of.* — The refusal of a court to grant a new trial, where a motion is based on alleged absence of any testimony to warrant a verdict, is not error unless the preponderance of evidence against the verdict is so strong as to raise a presumption of prejudice, corruption, or gross ignorance on the part of the jury.

2. *Practice, civil — Evidence — Supreme Court.* — This court will not review the facts when the evidence is conflicting.

*Error to Linn Court of Common Pleas.*

*Henry Lander* and *G. W. Easley*, for plaintiffs in error.

*G. D. Burgess* and *C. H. Mansur*, for defendants in error.

BLISS, Judge, delivered the opinion of the court.

The petition contained two counts, one for $700 paid by plaintiffs as sureties for defendants, and one for a balance of account at their bank of $346. The answer averred payment of the note and a deposit to the plaintiffs' credit of $1,200, for which defendants, after deducting the $346, asked judgment. The jury found for defendants on the first count, and gave the plaintiffs a verdict of $380 upon the second. The instructions were correct, and we are asked to grant a new trial because there

was no evidence to sustain the verdict upon the first count. There is reason to believe that the verdict was wrong, and I think the trial court would have been justified in giving a new trial. Notwithstanding trial courts may thus act when they see the jury has been misled, yet if they refuse to do so, it is not error unless the preponderance of evidence against the verdict is so strong as to raise a presumption of prejudice, corruption, or gross ignorance on the part of the jury. Such has been our uniform holding, and any other would be impossible.

One of the grounds for the motion was newly-discovered evidence, but the affidavit shows that it was known before the trial but not deemed necessary. Defendants failed in saddling upon the plaintiffs the $1.200 deposit which had once been accounted for, but succeeded, and perhaps unjustly, with the $700. But owing to our well-settled and absolutely necessary rule of not reviewing facts when there is conflicting evidence, we cannot relieve them.

Judgment affirmed.    Judge Wagner .concurs.    Judge Adams absent.