FLORENCE V. McLEAN, Respondent, v. PASTIME GYMNASIUM ASSOCIATION *et al.*, Appellants.

### St. Louis Court of Appeals, December 10, 1895.

1. **Contracts:** ACCEPTANCE OF OFFER. An offer to enter into a definite contract must be unconditionally accepted within a reasonable time in order to bind the proposer. A counter proposition, which in any way qualifies the offer by new matter, amounts to a rejection, and, unless the proposer renews the offer, he can not afterward be bound by an unconditional acceptance.

2. ———: ———: EFFECT OF NEW PROPOSITION AFTER ACCEPTANCE. Yet after an offer has become binding by the acceptance of it, the acceptor does not lose his right to enforce it by subsequently submitting a new offer, but may, on the rejection of the latter, reaffirm his original acceptance within a reasonable time and before any change has taken place in the circumstances of the proposer.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

*Adiel Sherwood* for appellants.

While an offer by letter may become a contract if the offer be accepted, no contract is consummated unless the acceptance is unequivocal and unconditional, and unless it plainly and clearly accepts the offer tendered without any modification or condition whatsoever. *Railroad v. Columbus Mill*, 119 U. S. 149; *Fox v. Turner*, 1 Ill. App. 153; *Egger v. Nesbitt*, 122 Mo. 667; *Cangas v. Rumsey Mfg. Co.*, 37 Mo. App. 297; *Falls*

*Wire Mfg. Co. v. Broderick*, 12 Mo. App. 378; Lawson on Contracts, par. 17; *National Bank v. Hall*, 101 U. S. 43; *Jenness v. Mt. Hope Iron Co.*, 53 N. Y. 20; *Baker v. Johnson County*, 37 Iowa, 186; *Hyde v. Wrench*, 3 Beav. 334; *Sheffield Canal Co. v. Railroad*, 3 Am. and Eng. R. R. Cases; 132.

*Orr, Christie & Bruce* for respondent.

ROMBAUER, P. J.—An offer to enter into a definite contract must be unconditionally accepted within a reasonable time to be binding on the proposer. Where a counter offer is submitted which in any way qualifies the terms of the offer by new matter, the original offer is thereby rejected, and the party to whom the offer was made can not afterward bind the proposer by an unconditional acceptance, unless the original offer is renewed. *Hyde v. Wrench*, 3 Beav. 334; *Minneapolis & St. Louis Railway v. Columbus Rolling Mill*, 119 U. S. 149; *Egger v. Nesbitt*, 122 Mo. 667; *Falls Wire Co. v. Broderick*, 12 Mo. App. 378; *Potts v. Whitehead*, 23 N. J. Eq. 512.

The defendants contend that, when the law thus stated is applied to the facts shown by the evidence in this case, it must lead to the reversal of the judgment.

The plaintiff sued for damages resulting to her from the breach by the defendants of a contract of employment, and the action was tried by a jury. The only points for our consideration are whether the plaintiff has given substantial evidence that she unconditionally accepted the defendants' offer of employment before the same was withdrawn, and whether it conclusively appears that she interposed a qualified or conditional acceptance before accepting it unconditionally.

Touching the following surrounding circumstances there is no controversy: Immediately preceding the

offer hereinafter set out, the plaintiff had been in the employ of defendants for two years as a gymnasium instructress in the ladies' department at a salary of $1,000 per year. The department was not self-sustaining. In May, 1893, the plaintiff applied for a reengagement for the next scholastic year on certain terms, to which the defendants replied by their secretary under date of May 23:

"In reply to your letter of May 21, 1893, I am instructed to write you that the board of managers have reconsidered the subject of a ladies' department for another season, and now make you this proposition:

"A contract with you for next season, October 15, 1893, to June 1, 1894, at $750 for the season, with the understanding that, if the ladies' department is brought up to a self-sustaining point and over by paying you $125 a month, and running the department as heretofore, you will also receive the difference between $750 and the amount you would get were you receiving $125 per month.

"Should this department not prove self-sustaining on above basis, you are to receive only $750."

All the evidence also concedes that in prior years the plaintiff had a written contract with the defendants prescribing her duties in detail, and fixing her compensation at $1,000 *per annum*, unconditionally.

Beyond this the testimony of the plaintiff and that of defendants' witnesses is wholly irreconcilable. However, under the rules governing appellate procedure in this state, we must determine the point in controversy by assuming that plaintiff's evidence is true, as it is neither so improbable, nor so opposed to all surrounding circumstances, as to justify us in vacating the verdict under the rule stated in *Price v. Evans*, 49 Mo. 396, *Spohn v. Railroad*, 87 Mo. 74, and kindred cases.

The plaintiff testified that, after she received this

communication, she at once called on the defendants' secretary, and asked him what it meant; that she was told by him that it meant that her compensation was to be $750 *per annum* at all events, with an increase contingent upon the net earnings of her department, the entire compensation to be limited to $125 per month of the scholastic year, that is to say, that she was to receive not less than the smaller, nor more than the larger sum stated, and might contingently receive any intermediate sum between the two. She thereupon left, and returned next morning, and stated to the secretary: *"I want to accept that proposition."* She then copied her contract of former years, adding to it the proposition embodied in the letter of May 23, and presented it to the secretary for execution. The secretary referred her to the chairman of the defendants' house committee, to whom she also stated that she *"wished to accept the contract,"* and whom she also requested to execute the contract which she had presented to the secretary. The chairman of the house committee refused to execute the contract as too informal, and drew another, which the plaintiff refused to execute, because it embodied certain material alterations. The plaintiff's testimony substantially concedes that *thereafter* she presented another contract to the defendants' chairman of the house committee, which embodied some new propositions, and which he declined to execute, and which the defendants' board declined to accede to. The plaintiff was informed of this fact, and thereupon, on the second day of June, 1893, addressed to the defendants' secretary the following note:

"I am in receipt of your favor of the 23d *ult.*, containing proposition from the board of managers in relation to the conduct of the ladies' department for the season 1893–4, a proposition which I consider fair to both parties, and which I hereby accept."

The defendants declined to entertain this accept-
ance as coming too late, and so advised the plaintiff.
In addition to this there was evidence for plaintiff tend-
ing to show that, after May 23, and prior to the dis-
agreement about terms of the contract, the plaintiff in
presence of some of defendants' officers did publicly
announce that the plaintiff was re-engaged for another
year; also that a similar announcement was made by
the chairman of the defendants' house committee.
There was no evidence that any other change in the
circumstances of the parties took place between the
twenty-third of May and the twenty-third of June fol-
lowing, except that plaintiff had declined an engage-
ment offered to her by other parties.

From this evidence, if found by the jury to be true,
they were warranted in finding that the plaintiff had
unconditionally and orally accepted the defendants'
offer, both by her statements to that effect to defendants'
managing officer and by her presenting the contract
reduced to writing for execution to the defendants'
officers.  Having done so, she was bound, as the con-
tract is not within the statute of fraud, and her *subse-
quently* insisting on a modification does not preclude her
recovery under the rule stated at the beginning of this
opinion.  The contract by such acceptance became
complete and enforcible on both sides, and, although
the plaintiff subsequently made another offer which
the defendants rejected, yet she was at liberty to
reaffirm her original acceptance within a reasonable
time if no change in the circumstances of the party
sought to be held to the contract took place in the
*interim*.

On this subject the court gave, at the instance of
defendants, the following instruction:

"The court instructs the jury that the plaintiff is
not entitled to recover in this action, unless they find

and believe from a preponderance of the evidence that she unequivocally and unconditionally accepted the proposition of the defendants contained in their letter of May 23, 1893, to employ her as mentioned in these instructions; and if the jury believe from the evidence that the plaintiff signified to the defendants, or their agent, by any statement of hers that she would not accept the proposition above named exactly as made, then, and in that event, the plaintiff was not at liberty afterward to bind the defendants to that proposition by notifying them that she accepted it."

We think that this instruction placed the defendants' evidence fully and fairly before the jury, and that another instruction asked by them on the same subject in a somewhat modified form was, for that reason, properly refused. No just exception can be taken to the plaintiff's instructions given. We are dealing with the case, not as chancellors reviewing the evidence, but as judges limited to a review of errors of law. None such appearing in the record, we must affirm the judgment. All the judges concurring, the judgment is affirmed.