C. E. SNYDER, Respondent, v. WABASH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, November 5, 1900.

1. **Passenger Carriers:** EJECTMENT FROM TRAIN: MEASURE OF DAMAGES: INJURED FEELINGS. Before a passenger who has been ejected from the carrier's train can recover for injured feelings, etc., such feelings must be connected with bodily injury or the ejecting must be attended with circumstances of malice, insult or inhumanity.

2. **Appellate Practice:** MOTION FOR NEW TRIAL: REVIEW OF EVIDENCE. An appellate court will not review an assignment of error unless it was specified in the motion for a new trial; nor will it disturb a verdict unless the evidence is such as to raise the presumption of prejudice, etc., on the part of the jury.

Appeal from the Jackson Circuit Court.—*Hon. James Gibson,* Judge.

REVERSED AND REMANDED.

*George S. Grover, McDougal & Sebree* for appellant.

(1) . The court committed error in refusing to grant a new trial on the ground that the preponderance of the evidence against the verdict was so strong as to raise the presumption of prejudice or partiality on the part of the jury. Price v. Evans, 49 Mo. 396; Spohn v. Railroad, 87 Mo. 74; Walton v. Railroad, 49 Mo. App. 620; Empey v. Railroad, 45 Mo. App. 422; Garrett v. Greenwell, 92 Mo. 120; State v. Primm, 98 Mo. 368. (2) The court committed error in giving instruction number 2 on the part of the plaintiff. There being no physical injury, injured feelings, humiliation and indignity were improperly made elements of damage. Strange v. Railway, 61 Mo. App. 587; Deming v. Railway, 80 Mo. App. 152; Trigg v. Railway, 74 Mo. 147; Connell v. Telegraph Co., 116 Mo. 34.

*Tom George* for respondent.

(1) This court can not rightfully consider the first error complained of in the brief of appellant, for many reasons. Putman v. Railway, 22 Mo. App. 589; Honeycutt v. Railway, 40 Mo. App. 674. (2) This court will not consider the question as to mere weight of the evidence. Blanton v. Dold, 109 Mo. 64; State v. Richardson, 117 Mo. 586; Cohn v. City of Kansas, 108 Mo. 387; Bray v. Kremp, 113 Mo. 552; Davis v. Railway Co., 46 Mo. App. 180; Goodson v. Railway, 23 Mo. App. 76; Nichols v. Nichols, 39

Mo. App. 291; Christopher v. White, 42 Mo. App. 428; Bowlin v. Creel, 63 Mo. App. 229; Jayne v. Wine, 98 Mo. 404. (3) The court did not commit error in giving instruction number 2 on the part of the plaintiff, as claimed under the second assignment of errors contained in the brief of appellant. Cherry v. Railway, 61 Mo. App. 303, 316.

SMITH, P. J.—This is an action to recover damages for the wrongful ejection of plaintiff by the defendant from one of its passenger trains. There was a trial and judgment for plaintiff from which defendant has appealed.

I. The defendant assigns for error the action of the trial court in refusing its second instruction which told the jury that if they found for plaintiff they should assess his damages at such sum, not exceeding twenty-five hundred dollars, as they believed from the evidence would reasonably compensate him for the amount paid out for the whole ticket from Arkansas City, Kansas, to Pana, Illinois, not exceeding eighteen dollars, and for the trouble and inconvenience caused him, if any, by reason of being ejected from the car; and for the *injury to his feelings, if any, including humiliation, insult and indignity, caused by reason of being rejected from the car.* The general rule is that pain of mind—injured feelings—when connected with bodily injury is the subject of damages, but must be so connected in order to be included in the estimate unless the injury is accompanied by circumstances of malice, insult or inhumanity. Trigg v. Railway, 74 Mo. 147; Connell v. Tel. Co., 116 Mo. 34; Deming v. Railway, 80 Mo. App. 152; Strange v. Railway 61 Mo. App. 587. In the present case it is not disclosed by the evidence that the ejection of the plaintiff from the defendant's train resulted in any bodily injury or was accompanied by circumstances of malice, insult or inhumanity,

and we are therefore, in view of the precedents just cited, constrained to hold that the plaintiff's instruction, in so far as it authorized the jury in estimating the damages to include therein an allowance for pain of mind, was erroneous and should not have been given.

II.    The defendant's further assignment is that the trial court committed error in refusing to grant a new trial on the ground that the preponderance of the evidence against the verdict was so strong as to raise the presumption of prejudice or partiality on the part of the jury.    By reference to the motion for a new trial it will be seen that no such ground is therein specified.    It is a rule of appellate practice in this state that no assignment of error will be considered by an appellate court unless a like error was specified in the motion for a new trial that is so familiar that the cases to that effect need not be cited.    It is true that one of the grounds specified in the motion was that "the verdict was against the evidence," but this was not the same ground as that specified by defendant in its assignment of error.    As seen by the cases hereinafter referred to, a reviewing court will not ordinarily disturb a verdict because against the evidence but will do so where the preponderance of the evidence against the verdict is so strong as to raise the presumption of prejudice, passion, corruption, gross ignorance or partiality on the part of the jury.    Price v. Evans, 49 Mo. 396; Spohn v. Railroad, 87 Mo. 74; Walton v. Railroad, 49 Mo. App. 620; Empey v. Railroad, 45 Mo. App. 422; Garrett v. Greenwell, 92 Mo. 120; State v. Primm, 98 Mo. 368.    The attention of the trial court was not called by the motion for the new trial to any such ground, and therefore it can not be specified in the assignment of errors, or, if so, noticed by us.

The judgment must be reversed and cause remanded. All concur.