NOBLE RAWLINGS, by Next Friend, Respondent, v.
WABASH RAILROAD COMPANY, Appellant.

. Kansas City Court of Appeals, January 5, 1903.

1. Passenger Carriers: WHO IS PASSENGER: FARE: LIABILITY.
Taking a place in the carrier's conveyance with the intention of
being carried, creates an implied agreement to pay fare, and at once
there springs up the reciprocal duty and responsibility of carrier
and passenger.

2. ———: CARRYING BY STATION: DAMAGES: SICKNESS. A
.person carried by his station may recover for inconvenience, loss
of time and labor, and necessary expense, but not for anxiety of
mind nor effect upon health, such as sickness.

Appeal from Boone Circuit Court.—*Hon. John A. Hockaday,* Judge.

REVERSED.

*Geo. S. Grover* for appellant.

(1) The relation of carrier to passenger was never.
created, and therefore never existed, between the plaintiff and defendant. For that reason the plaintiff was
not entitled to recover. Berry v. Railroad, 124 Mo.
247; 1 Fetter on Carriers of Passengers, sec. 210, p. 552,
and cases cited. (2) The recovery permitted in this
case, on account of subsequent sickness, was a prejudicial error, as there was no physical injury, and no malice,
insult or inhumanity shown. Strange v. Railway, 61
Mo. App. 586; Deming v. Railway, 80 Mo. App. 152;
Snyder v. Railway, 85 Mo. App. 495.

*C. B. Sebastian* for respondent.

(1) Appellant sought and obtained a special finding by the trial court on both of the points. That finding was against the contention, and no exception was
made. Under the rule laid down by this court in the

case of Freeman v. Hemenway, 75 Mo. App. 621, and by the Supreme Court in the case of Cochran v. Thomas, 131 Mo. 267, that finding is conclusive. (2) That plaintiff was a passenger is fully sustained by the evidence. Under the facts the finding of the trial court is fully sustained by the following cases: Cross v. Railway, 56 Mo. App. 665; Barth v. Railway, 142 Mo. 549. (3) The finding of the trial court, that plaintiff is entitled to recover for subsequent sickness occasioned by his being carried by said station, and the judgment for $25, is fully sustained by the evidence. The court following the rule of this court in the case of Spry v. Railway, 73 Mo. App. 203.

BROADDUS, J.—This suit was brought in the court of a justice of the peace, appealed to the circuit court where plaintiff obtained judgment from which defendant appealed here.

The evidence showed that the plaintiff, a boy about four years of age, with his sister, about twelve years old, was put upon defendant's train by his father at Columbia, Missouri, to go to More's station about one mile distant. The sister had a full fare ticket but plaintiff had none. The train was behind time and Bessie, plaintiff's said sister, testified that just before she got to More's station she gave the conductor her ticket. The train passed the station to a point about 250 yards when it was stopped and plaintiff put off without being injured. Bessie retraced her steps with the plaintiff to the station, passing over the cattle guards. She describes the route as muddy and slippery. It was late in the evening when they got back to the station where they met their mother who, in her testimony, says it was so dark she could not recognize them at a short distance. She states that when the plaintiff got home he was wet; that he had fallen down in the mud, was very muddy, and was "almost scared to death;" and that they had to go to the doctor and get some medicine for him, and that by eight o'clock that night he was in bed with a high fever.

The court, sitting as a jury, made a finding of facts, among which were; that plaintiff did not receive any physical injury by reason of being carried by said station at said time and place, except· subsequent illness; that he was not entitled to recover for fright occasioned thereby, but that he was entitled to·recover for sickness which was brought about by reason of his being carried by said station. The court·further found that the act of defendant's servants in putting plaintiff off the train was not characterized by malice, insult or inhumanity.

The defendant insists that plaintiff was not entitled to recover for two reasons, ·viz.: first, because the relation of carrier and passenger did not exist; second, because plaintiff was allowed to recover on account of subsequent sickness, whereas it was shown that no aggravating circumstances attended the act of.the defendant's servant in putting him off the train.

Fetter, in his definition of passenger (Fetter on Carriers of Passengers, sec. 210) states: "It.is not easy to construct a definition of the term 'passenger' which, on the one hand, will accurately include all persons entitled to the rights·of passengers, and, on the other, exclude all those who are not. . . . In the great majority of cases,°there can be no question on this score, because a person riding in a passenger coach who has prepaid his fare is necessarily a passenger." A much better idea of 'the term is gained from its definition in Railway v. Price, 96 Pa. St. 256, viz.: "In its legal sense a passenger is one who travels in some public conveyance by· virtue of a contract, express or implied, with the carrier, as the payment of fare, or that which is accepted as equivalent therefor." In section 221 of Fetter, supra, it is said: "The purchase of a ticket or the prepayment of fare is not necessary to constitute the relation of passenger and carrier." In Railway v. Huggins, 89 Ga. 494, the court adopted the following definition from Hutchinson on Carriers: "It is universally agreed that the payment of the fare or the price of the carriage is not necessary to give rise to the liability. The carrier may demand his payment if he chooses to do so, but if

he permits the passenger to take his seat or enter his vehicle without such requirement, the obligation to pay will stand for actual payment for the purpose of giving effect to the contract with all its obligations and duties. Taking his place in the carrier's conveyance, with the intention of being carried, creates an implied agreement upon the part of the passenger to pay when called upon, and puts upon him a liability to the carrier, from which at once springs the reciprocal duty and responsibility.'' See, also, Railway v. Hirst, 30 Fla. 1. c. 40; Railway v. Groseclose's Admr., 88 Va. 267. "If the passenger is lawfully on the cars, the company is bound to carry him safely, whether he has paid his fare or not, but if he refuses to pay on demand the company may eject him from the train." Railway v. Muhling, 30 Ill. 9. "A person getting on a train for the honest purpose of securing passage thereon constitutes him a passenger." Cross v. Railroad, 56 Mo. App. 1. c. 674.

In view of all the authorities referred to, and we find none to the contrary, it is evident that the plaintiff was within the meaning of the law a passenger on defendant's train at the time in question. He was put upon the train by his father with his sister for whom he purchased a ticket for the purpose of securing a ride to More's station where his journey was to terminate. In view of the general custom of railroad carriers to permit small children like the plaintiff to ride on their cars free of charge when accompanied by some older person who pays fare, it is reasonable to presume that plaintiff was a passenger in good faith, especially so as no objection was made to him as a passenger for want of prepayment of such fare, and no demand and refusal to make such payment was shown. This entering the car under the circumstances constituted him a passenger with all the rights as such.

The question is raised, was the plaintiff entitled to recover for subsequent sickness caused by his being put off at the point 250 yards beyond the station? It will be observed that the court eliminated from its findings

every element of damages, such as fright, and gave damage alone for subsequent sickness.

In Trigg v. Railway, 74 Mo. 147, it was held that a female passenger who was carried beyond her station by the negligence of the company, but without any circumstances of aggravation and without receiving any personal injury "may recover compensation for the inconvenience, loss of time, labor and expense of traveling back, but not for anxiety and suspense of mind suffered in consequence of the delay, nor the effects upon her health, nor the danger to which she was exposed in consequence of the train being stopped at her station an insufficient length of time to enable her to get off." The same rule was applied in Strange v. Railway, 61 Mo. App. 587, Deming v. Railway, 80 Mo. App. 152, and in Snyder v. Railway, 85 Mo. App. 495. But we are cited to the case of Spry v. Railway, 73 Mo. App. 203, as holding differently. Our examination of that case satisfies us that it comes within the foregoing rule. The facts were that a woman—plaintiff in the case—was requested by defendant "to leave its passenger train about a half mile from the union depot in the city of Sedalia and far from any depot or shelter, and the servants of defendant when requiring plaintiff to leave its car failed to give her any directions as to where she should go for shelter from the violence of a rain storm (then prevailing). She being unacquainted in the vicinity, whereby she was compelled in the midst of such storm to walk to said union depot, and in consequence of such exposure" she became sick. She was allowed to recover on the ground that the act of defendant's servants in requiring her to leave the train amidst a rain storm in the night without directing her where to go, was an act of inhumanity. On this question the authorities seem to be uniform.

It follows, therefore, that the action of the court in allowing plaintiff damages, under the circumstances of the case, for subsequent sickness was error, for which the cause is reversed. All concur.