AUGUST KIEL, Appellant, v. SIMON OTT, Respondent.

St. Louis Court of Appeals.  Submitted on Briefs October 7, 1912.
Opinion Filed November 12, 1912.

1. EVIDENCE: Impeaching Evidence: Relevancy: Admissions. In an action for personal injuries, a witness for defendant, testifying to a conversation between plaintiff and himself concerning the case, said that plaintiff remarked: "You know as well as I do that Ott (the defendant) is a good man and a church member and has lots of friends, and if you prove my reputation it will be a job for me to gain this. You know that

as well as I do." *Held*, that the testimony was relevant to the issues as giving plaintiff's own statements concerning his reputation.

2. NEGLIGENCE: Action for Personal Injuries: Instructions: Sufficiency of Evidence. In an action for injuries alleged to have been caused by a horse, which plaintiff was riding, becoming frightened at a wood pile alongside the road and, as a result, jumping in such a manner as to throw plaintiff off, the jury could infer, from evidence which tended to prove that the horse was not frightened and did not jump, that the injury did not occur in the manner alleged, and hence an instruction that plaintiff could not recover if he was injured from any other cause than the horse being frightened at the wood pile was not vulnerable to the objection that it was not warranted by the evidence; but, even if it were conceded that there was no evidence of any other cause, the instruction would not be *held* erroneous, since it was undoubtedly understood by the jury to mean that, in order to find for plaintiff, they must find that he sustained his injuries in the manner and from the cause alleged by him.

3. NEW TRIAL: Preponderance of Evidence: Prejudice of Jury. In an action where plaintiff's case rested almost exclusively on his own testimony, and his credibility was attacked, it is *held*, under the evidence, that there was no such preponderance of evidence in his favor as warranted a new trial on the ground that a verdict for defendant resulted from prejudice, corruption or gross ignorance of the jury.

Appeal from Franklin Circuit Court.—*Hon. R. S. Ryors*, Judge.

AFFIRMED.

*John W. Booth* for appellant.

(1) Where the character of a party is not in issue, and no attempt to impeach him has been made, admission of evidence of his good character is reversible error. Dudley v. McCluer, 65 Mo. 241; Black v. Eppstein, 221 Mo. 286. (2) The action of the trial court in giving to the jury the instruction No. 3 at the instance of respondent, is reversible error. By that instruction the court directed the jury to find for respondent, if they believed from the evidence that ap-

pellant was injured on Feb. 22, 1908, in the public road in front of respondent's premises by reason of any cause other than the frightening of the horse at the wood pile mentioned in the evidence; but there was no evidence tending to show that at that time and place any other cause for such frightening of the horse existed. State v. Edwards, 203 Mo. 528; Smith v. Couch, 117 Mo. App. 267; Ludwig v. Cooperage Co., 156 Mo. App. 117, 128; Felver v. Railroad, 216 Mo. 195. (3) The action of the trial court in overruling appellant's motion for new trial is reversible error, because the verdict of the jury is against the weight of the evidence in the cause to such an extent as to indicate that it is the result of prejudice influencing the jury against the plaintiff. Walton v. Railroad, 49 Mo. App. 620.

*Oscar E. Meyersieck* and *Jesse H. Schaper* for respondent.

(1) We think there can be no doubt that the admission of appellant that his reputation is bad, proved by his own declarations, is just as competent as the proof of his bad reputation by the testimony of other witnesses would be. But appellant's counsel objects to the conversation, because it also seems to admit that the defendant's reputation is good. Unfortunately for appellant, the comparison made by himself in said admission was exceedingly favorable to the defendant, and very damaging to him, but it was, nevertheless, a clear admission that his reputation was bad, and as such an admission, the same was admissible in evidence. Greenleaf on Evidence (14 Ed.), sec. 201. Such admisions must be taken as a whole and cannot be proved by introducing a part only of the conversation. Greenleaf on Evidence (14 Ed.), secs. 201 and 202; Howard v. Newson, 5 Mo. 523; Reeves v. Hardy, 7 Mo. 348; Lyon v. Batz. 42 Mo. App. 606. (2) Appellant also complains of instruction numbered 3, given by the

trial court at the instance of respondent, because the same is not supported by evidence. There was evidence tending to prove the horse was not frightened and did not jump and throw plaintiff off; hence said instruction was proper, because supported by substantial evidence. Joseph v. Street Railway, 129 Mo. App. 603; Ridens v. Ridens, 29 Mo. 470.

REYNOLDS, P. J.—This is an action by plaintiff to recover damages alleged to have been sustained in consequence of being thrown from his horse, it being charged that plaintiff had wrongfully and unlawfully and without right, piled or caused to be piled a lot of cordwood on a public road in such manner as to create an obstruction calculated to frighten horses of ordinary gentleness and that while plaintiff was travelling along the road, riding a horse of ordinary gentleness, the horse became frightened at the piles of wood and jumped and threw plaintiff to the ground, thereby seriously injuring him, for which injuries sustained plaintiff claims judgment in the sum of $1500.

The answer was a general denial.

On trial before the court and a jury, the jury returned a verdict for defendant, from judgment on which plaintiff, filing his motion for a new trial and saving exception to that being overruled, has duly perfected his appeal to this court.

As to the facts it may be said that plaintiff's testimony tended to show that he received certain injuries by being thrown from his horse while he was riding along the road and between the piles of wood alongside of it. Defendant attacked the character of plaintiff for truth and veracity and also introduced evidence tending to show that the horse had not jumped; that measuring the tracks of the horse in the road showed the horse had neither jumped nor run off, as claimed by plaintiff.

The errors assigned are three: First, to the court refusing to strike out the testimony of a witness named; second, giving to the jury an improper instruction; and third, to the overruling of plaintiff's motion for a new trial.

The first assignment of error cannot be sustained. The witness referred to being under examination on part of defendant, and testifying as to conversations between himself and plaintiff concerning the transaction, after having testified that in that conversation plaintiff had made a certain statement, was asked what, if anything further, plaintiff had then said. Whereupon the witness answered: "Well, he said this: 'You know as well as I do that Ott is a good man and a good church member, and has lots of friends, and if you prove my reputation it will be a job for me to gain this. You know that as well as I do.'" It is stated in the abstract that plaintiff thereupon moved the court to strike out the answer of the witness to the last question, "as having no bearing on the issues in the case and being improper evidence tending to prejudice the jurors against plaintiff." This is the motion referred to, which the court overruled and to which ruling plaintiff duly excepted. It will be noted that the question itself was not objected to when asked. The objection was made to the answer and for the reasons above. That answer might possibly have been objected to as not responsive to the question asked, although this is doubtful, but no such objection was made. The objection as raised is not tenable. The answer did bear on the issues as to plaintiff's own statements and on his character, and purported to give the whole conversation, as the witness was asked to do. That it may have influenced the jury in passing upon plaintiff's testimony unfavorably to plaintiff, does not render it improper.

The instruction complained of is to the effect that if the jury found and believed from the evidence that

plaintiff was injured on the date named, in the public road in front of the premises of defendant, by reason of any cause other than the frightening of the horse at the wood pile mentioned in the evidence, then the verdict will be for defendant. It is objected to this instruction that there is no evidence tending to show any other cause of injury than the frightening of the horse. It is true that there is no direct evidence of any other cause, but there was evidence tending to show that the horse had not been frightened and had not jumped on the occasion referred to. From that it would seem to follow that the jury had a right to infer it was not the frightening and jumping of the horse that caused the injury. Apart from this however, even conceding the proposition of the learned counsel for plaintiff, that there was a lack of evidence of any other cause, we are not prepared to say, on reading all the testimony in the case, that this instruction was harmful or in any manner misled the jury. It was undoubtedly understood by the jury to mean that to find for plaintiff, they must find that he sustained his injuries in the manner and from the cause alleged by him.

This disposes of all the assignments of error except that plaintiff's motion for new trial, it is claimed, was improperly overruled. It is argued in support of this assignment that the motion for new trial should have been sustained by reason of the reception of the evidence and the giving of the instruction above referred to. We have disposed of these grounds. It is also claimed that the verdict of the jury is against the weight of the evidence to such an extent as to indicate that it is the result of prejudice, influencing the jury against plaintiff. In support of this ground, we are referred to Walton v. Kansas City, Fort Scott & Memphis Railroad Co., 49 Mo. App. 620, l. c. 627. In that case it is there stated that in Price v. Evans, 49 Mo. 396, Judge Bliss impliedly states that it is error in

the trial court to refuse a new trial where the preponderance of evidence against the verdict is so strong as to raise the presumption of prejudice, corruption or gross ignorance on the part of the jury. Our court held in the Walton case that the facts in it clearly called for an application of that rule. Without determining whether that rule, said to be drawn from the Price case, in the light of many decisions recognizing the right to pass upon the weight of evidence as resting solely in the trial court, is now in force, it is sufficient to say that the present case does not call for its application. We cannot say that the preponderance of the evidence in this case is so strong as to raise the presumption of prejudice, corruption or gross ignorance on the part of the jury. Plaintiff's case rested almost exclusively on his own testimony, and his credibility as a witness was very seriously attacked by several witnesses.

The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.