W. R. GROVES, Defendant in Error, v. GREAT EASTERN CASUALTY COMPANY, Plaintiff in Error.

In the Kansas City Court of Appeals, November 6, 1922.

1. **INSURANCE: Construction: Ambiguity: Where There is an Ambiguity in Terms of Policy, Language Used Therein Construed Strongly Against Insurer.** Where there is an ambiguity or ob-

scurity in the terms of an insurance policy, the language used is to be construed strongly against the issuing company as the author of the instrument.

2. ———: ———: *A Clause in an Accident Policy Covering Injuries While Riding "in a Place Regularly Provided for Passengers," Held not to be Limited to Location of Seats in Conveyance Provided for Passengers and While Occupying the Same.* In an action upon an accident policy which contained a clause insuring against injuries while traveling as a passenger "in a place regularly provided for passengers within any common carrier's public passenger conveyance" is construed to mean a place regularly provided for passengers *by a common carrier* within the conveyance and is not limited to the place where seats in the conveyance are provided for passengers, and where insured was thrown from a public passenger automobile while sitting partly upon the unholstered arm of the rear seat and partly upon the door with his limbs in the car and his back protruding somewhat over the edge of the car, *held* there was sufficient evidence to go to the jury as to whether plaintiff was riding in a "place regularly provided for passengers" there being evidence that it was customary for driver to carry all he could get in car, and that at times passengers would be seated on laps of others and upon the doors.

3. ———: Carrier: Passenger: Presence of Passenger in Conveyance of Carrier, Held to Create Inference of Implied Relationship of Passenger and Carrier. Under an accident policy, where insured received injuries while riding in a common carrier's public passenger automobile, *held* that there was no merit in contention that demurrer should have been sustained on ground that there was no direct evidence of any intention on part of insured to pay or of the owner to charge for the ride, the inference being that as he was present in the conveyance, he was under an implied contract which created the relationship of passenger and carrier.

4. INSTRUCTIONS: An Instruction Held not Subject to Objection That it Permitted Jury to Construe Insurance Contract. In an action to recover on an accident policy for injuries received by insured as result of being thrown from a moving automobile operated for hire, an instruction that if plaintiff was riding as a passenger in a place regularly provided for passengers in a common carrier's public passenger conveyance, the jury should find for him, *held* not to give to jury a roving commission to say for itself without being legally guided what meaning of contract was, in that jury could have found that, if insured was on the running board at the time of injury, as defendants' evidence

showed, he was in "a place regularly provided for passengers" as required by the policy; the matter of plaintiff's riding upon the running board being one of defense and an issue that plaintiff was not bound to submit in his instructions.

5. ———: **Failure to Define Language Used in an Instruction of Plaintiff Cannot be Complained of, Where Error was Joined in by Defendant in the Use of the Same Language in its Instructions.** If there was any error in the failure to define certain language contained in one of plaintiff's instructions, the defendant is in no position to complain thereof, where the error was joined in by defendant in its instructions in which the identical language objected to was used by it without definition or explanation.

6. **TRIAL PRACTICE: Instructions: It is not Necessary to Instruct Jury on Issues not Raised.** It is not necessary to require a finding by jury on issues not raised.

7. ———: ———: **The Refusal of Court to Withdraw Evidence of Custom upon Which Cause of Action was not Founded, Held not Error.** It was not error for court to refuse to withdraw evidence of a custom not pleaded where the cause of action was not found upon it, the custom being merely evidentiary.

8. **INSTRUCTIONS: Damages: Vexatious Delay: Instruction Permitting Jury to Assess Penalty for Delay in Settling Insurance Claim, Held not Erroneous.** Where insured after injury promptly made proof of loss informing insurer of the nature of an accident and character of injuries sustained, and insurer made no effort to settle the claim for a period of five months, but attempted to obtain evidence that insured's injury was caused in part from some disease, an instruction permitting the jury to assess a penalty for such delay *held* not erroneous.

Appeal from the Circuit Court of Holt County.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.

*Frank Petree* for defendant in error.

*R. B. Bridgeman* and *C. C. Crow* for plaintiff in error.

BLAND, J.—This is an action upon an accident insurance policy. Plaintiff recovered a verdict and judgment in the sum of $825 with interest, together with the sum of $82.50 for vexatious delay and $400 attorney's fees. The policy insured plaintiff against—

". . . the effects of bodily injuries caused directly, solely and independently of all other causes by external, violent and accidental means which bodily injuries or their effects shall not be caused wholly or in part directly or indirectly by any disease, defect or infirmity," and provides in certain circumstances payment for the loss of either foot by complete severance at or above the ankle resulting from injuries sustained—

"While traveling on land or water as a passenger in a place regularly provided for passengers, within any common carrier's public passenger conveyance propelled by steam, electricity, cable, gasoline or compressed air;"

Under the head of "agreements" is the following—

"This insurance does not cover loss from injuries, fatal or otherwise, received by the insured while entering or leaving or attempting to enter or leave, or while upon the step or steps, or platform or running board of any conveyance except under Sections E and F."

Section E refers to broken bones and section F to hospital benefits and weekly indemnity.

The evidence shows that upon August 19, 1914, plaintiff, a resident of Maitland, Missouri, desired to go to a fire in said town and seeing a five passenger automobile being driven by one Curnutt, who was engaged in the business of carrying passengers for hire, standing across the street, went to the car and asked Curnutt "if he would take us down to the fire," Curnutt replied, "Get in." There were at that time five people in the car, two in the front seat and three in the rear seat, completely filling the seats of the car. Plaintiff got into the car and, there being no regular seats, sat partly upon the upholstered arm of the rear seat and

partly upon the door, with his limbs in the car and his back protruding somewhat over the edge of the car. The car started for the fire, containing ten or eleven people, six, including plaintiff, in the car and four or five standing outside on the running board. The fire was about three blocks away. The car had gone about a block and a-half when it making a curve it skidded and plaintiff was thrown from the car and fell between it and a telephone pole, resulting in injuries which required the amputation of his left foot about four inches above the ankle, and the breaking of his left arm in two places.

There was evidence that Curnutt made it a custom to carry "all he could get in" the car, and that at times passengers would be seated on the laps of others and at other times seated upon the doors. Defendant introduced as witnesses automobile dealers who testified that in five-passenger automobiles of the make driven by Curnutt there was no other place regularly provided for passengers except in the front and rear seats. Plaintiff testified that he did not pay or offer to pay Curnutt for the ride after the accident.

Defendant insists that the court erred in refusing to give its instruction in the nature of a demurrer to the evidence. In this connection it contends that as the automobile was made so that it provided seats for only five passengers and that plaintiff was not seated in one of these seats, he did not come within the provisions of the policy which allowed indemnity should he be injured while traveling "as a passenger in a place regularly provided for passengers, within any common carrier's public passenger conveyance." It, therefore, becomes necessary to construe what is meant by the words "in a place regularly provided for passengers, within any . . . conveyance." As was stated in Mathews v. Modern Woodmen, 236 Mo. 326, 342—

"The just interpretation of a contract arises on the whole subject-matter. It must be viewed from end to

end and corner to corner, and all its terms pass in review; for one clause may modify, limit or illuminate the other.''

We think that the clause in the policy providing that the insurance did not cover for loss to the insured ''while entering or leaving or attempting to enter or leave, or while upon the step or steps, or platform or running board of any conveyance'' throws some light upon the part of the contract under which plaintiff is attempting to recover. The insurer took pains to provide that there should be no recovery should the insured be injured while entering or leaving the conveyance or while upon the step, platform or running board but nowhere in the policy does it provide that plaintiff shall only recover in case he is occupying a *seat* in the conveyance at the time of the injury. We do not place the construction upon the words, ''in a place regularly provided for passengers'' as found in the policy that is contended for by defendant. The effect of defendant's contention is that the place referred to in the policy is. in case of an automobile, a regular seat in the car. The policy does not so say, and we do not think this is the meaning. The most that can be said in favor of defendant's contention is that there is an ambiguity or obscurity in the terms of the policy. Where such a defect exists the language used is to be construed strongly against the issuing company as the author of the instrument. [State ex rel. v. Ellison, 269 Mo. 410, 420; Mathews v. Modern Woodmen, supra, l. c. 342.] It is apparent that the place regularly provided means the place provided by the carrier and not the manufacturer of the conveyance. We think that the language under consideration is to be construed to mean that the indemnity is to be paid where the insured is injured while traveling as a passenger in a place regularly provided for passengers *by a common carrier* within its or his conveyance. There was sufficient evidence to go to the jury as to whether plaintiff was riding in such a place at the time of his injury.

21—211 M. A.

There is no merit in the contention that the demurrer should have been sustained on the ground that there is no direct evidence of any intention on the part of plaintiff to pay or the owner to charge for the ride to the fire. The language used in the case of Reynolds v. Transit Co., 189 Mo. 408, 418, is applicable to the circumstances present in this case—

"The facts that he was received in the vehicle of a public carrier and was being carried in the manner of a passenger and nothing else appearing were sufficient for the inference that he was there under the implied contract that created the relation between him and the defendant of passenger and carrier. There was no error in submitting that question to the jury." [See also Lemon v. Chanslor, 68 Mo. 340; Rawlings v. Wabash Ry. Co., 97 Mo. App. 515, 517, 518; Chapman v. K. C. Rys. Co., 217 S. W. 290; Powell v. Rd. Co., 229 Mo. 246.] It may have been that plaintiff did not pay for the ride after he was hurt because he thought that he did not get value received. The fact that he did not pay under the circumstances is not conclusive evidence that he was not liable for the fare and in fact did not owe it or that he was not a passenger at the time he was hurt.

Complaint is made of plaintiff's instruction No. 1, which reads as follows—

"The court instructs the jury that if you find from the evidence that plaintiff, at the time he received the injury described in evidence, was riding as a passenger in a place regularly provided for passengers in a common carrier's public passenger conveyance as defined in another instruction herein, you will find for the plaintiff."

It is said that this instruction "gives to the jury a roving commission to say for itself, without being legally guided, what the meaning of the contract between the parties is;" that the jury could have found that if insured was on the running board at the time of

his injury, as defendant's evidence shows, he was in a place regularly provided for passengers; that the contract should have been construed by the court. We think there is no merit in this contention. The matter of plaintiff's riding upon the running board was one of defense and an issue that plaintiff was not bound to submit in his instructions. [Turner v. Southwest Missouri R. R. Co., 138 Mo. App. 143, 150, 151; Chenoweth v. Sutherland, 129 Mo. App. 431.] This defense was submitted in defendant's given nstructions four and six. The language used in the instruction, ''plaintiff, . . . was riding as a passenger in a place regularly provided for passengers in a common carrier's public conveyance,'' is the identical language found in the contract. Now it is well established that the meaning of the contract is for the court. However, if such language needs any definition, a question we do not pass upon, still we do not think that defendant is in a position to complain for the reason that if there was any error in the use of it, the same was joined in by defendant in its instructions one and two in which the identical language is used without definition or explanation, in fact, they are the exact converse of plaintiff's instruction No. 1.

As to the contention that the instruction.should have had the jury find that the injuries received were caused directly, solely and independently of all other causes by external, violent or accidental means which bodily injuries or their effects were not caused wholly or in part directly or indirectly by any disease, defect or infirmity, and which, from the date of accident, resulted in a continuous disability. There was no issue raised as to these matters and therefore it was not necessary for plaintiff to have the jury find their existence or nonexistence.

It is insisted that the court erred in refusing to withdraw from the jury, by giving defendant's instruction No. 8, the evidence as to the custom of Curnutt to permit passengers to ride upon the upholstered part

and doors of his car; that such evidence tended to change and modify the written contract. From what we have said there is no merit in this contention nor was it necessary to plead this custom as the cause of action was not founded upon it. The custom was only evidentiary.

Defendant insists that the court erred in giving plaintiff's instruction No. 3, allowing the jury to assess the penalty. The facts show that the accident happened five months prior to the filing of the suit. Shortly after the injury plaintiff submitted his proof of loss; this proof informed the defendant that plaintiff was riding in an automobile and that there was an accident, properly describing it and its effects. There was no evidence of any effort to settle the claim in the long period that defendant had to investigate it. There is in evidence a letter written to plaintiff calling his attention to a letter defendant had written to plaintiff's physician. This letter to the physician was not in evidence nor are other such letters shown to have been written to the physician by the defendant, but there is in evidence a letter from the physician to the defendant. From this letter it would seem that the company was trying to get evidence that showed the injury was caused wholly or in part from some disease. Plaintiff's attorney shortly after the accident talked to the president of the company concerning it. There is no evidence that the company ever intended to defend on the ground that plaintiff was not traveling as a passenger in a place regularly provided for passengers in a common carrier's public conveyance until the trial. Mindful of what was said in Shoe Co. v. Assurance Co., 277 Mo. 399, 420, yet we think under the facts in this case there was evidence from which the jury might well assess the penalty. [Landrigan v. Mo. State Life Ins. Co., 234 S. W. 1042, 1043; Liebel v. Met. Ins. Co., 241 S. W. 647; Keller v. Insurance Co., 198 Mo. 440; Jaggi v. Insurance Co., 191 Mo. App. 384, 392; Hicks v. Insurance Co., 196 Mo. App. 162; Coscarella v. Insurance Co., 175 Mo. App. 130; Cox v. Insurance Co., 154 Mo., App. 464.]

The judgment is affirmed. All concur.